UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMALL JUSTICE LLC, and<br>RICHARD A. GOREN,<br><br>Plaintiffs,<br><br>v.<br><br>XCENTRIC VENTURES LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 1:13-cv-<br>)<br>)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>) |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiffs assert the following claims against Defendant.

### JURISDICTION AND VENUE

1.     This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101, *et seq.*).

2.     This Court has jurisdiction under 17 U.S.C. § 101, et seq.; 28 U.S.C. § 1331 (Federal question); and 28 U.S.C. §1338(a) (copyright).

3.     This Court has personal jurisdiction over the defendant, and venue in this District is proper under 28 U.S.C. §1391 (b) and 28 U.S.C. §1400(a), in that the defendant is subject to specific personal jurisdiction because, among other things and including but not limited to the following:

(i)     The alleged copyright infringement arises out of the defendant's publication of a website in Massachusetts and has previously caused harm to the individual plaintiff and threatens to cause further harm to both plaintiffs within the Commonwealth of Massachusetts;

(ii)    Defendant deliberately has engaged in significant activities within the Massachusetts forum including without limitation using its website to solicit business and/or contracts from among others the individual plaintiff in Massachusetts and elsewhere and to encourage potential customers of the defendant's Ripoff Report Corporate Advocacy Business Remediation and Customer Satisfaction Program and the Ripoff Report Arbitration Program to contact the defendant through the use of its interactive website;

(iii)   By knowingly and intentionally continuing to target its alleged copyright infringement at the individual plaintiff the defendant should reasonably anticipate being sued in Massachusetts;

(iv)    In violation of plaintiffs' copyright defendant has engaged in intentional conduct in Massachusetts calculated to cause harm to the Massachusetts plaintiffs by continuing to publish via its website to Massachusetts residents materials adjudged libelous to the individual plaintiff;

(v)     On its website and in its correspondence with the plaintiffs the defendant touts that as part of its routine business it "routinely" defends "lawsuits in both state and federal courts;

(vi)    According to a PACER search on July 7, 2013 over the past 9 years the defendant has been a party to over forty (40) civil lawsuits in the United States District Courts for the districts of Arizona, California, Florida, Georgia, Illinois, Nebraska, New York, New Jersey, Tennessee, and Texas;

2

(vii) The Commonwealth of Massachusetts has an interest in adjudicating defendant's tortious activities which have an impact on its residents in that among other things the alleged infringement will have its most significant effects here; and,

(viii) The plaintiffs and their witnesses are in Massachusetts.

## PARTIES.

4.      The plaintiff SMALL JUSTICE LLC is a Delaware limited liability company with its principal office in Massachusetts ("SMALL JUSTICE LLC").

5.      The plaintiff Richard A. Goren is an individual who practices law dba Law Office of Richard Goren with offices in Boston, Massachusetts.

6.      The defendant XCENTRIC VENTURES LLC is an Arizona limited liability company with its principal office in Arizona. At all times material hereto XCENTRIC VENTURES LLC has been and is the owner and/or operator of the Ripoff Report.

## COUNT I INFRINGEMENT OF COPYRIGHT.

7.      Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 6.

8.      SMALL JUSTICE LLC is the copyright owner of exclusive rights under United States copyright with respect to the published work of John Doe dba Arabianights-Boston Massachusetts January 31, 2012 Report # 831689 posted on the Ripoff Report website captioned "Complaint Review: Richard A. Goren," and which is the subject of a valid Certificate of Copyright Registration under an application dated July 3, 2013.

9.      Ripoff Report is "an interactive website" which describes itself as a worldwide consumer reporting website and publication, by consumers, for consumers, to file and document

complaints about businesses, professionals or individuals. The Ripoff Report's published policy is that it will not remove a report from its website even if the report is adjudged defamatory or even if the author requests the report to be taken down. The Ripoff Report's policy is that any statement posted on its website is a "permanent record." Ripoff Report touts that it "has always had a strict no-removal policy" and that "we have spent millions of dollars of legal fees over the years defending that policy" and that under the federal Communications Decency Act while "victims [who are defamed on the Ripoff Report may] pursue the original <u>author</u> of a false statement" (emphasis original), the Ripoff Report [and its owner the defendant are each] immune and may not be sued.

10.     The defendant offers alternatives, commercial fee based solutions, for the subjects of false and/or defamatory reports posted on its Ripoff Report website.

11.     The Ripoff Report solicits the subjects of a false and/or defamatory Ripoff Report to "join" the defendant's "Corporate Advocacy Program." The injured party is encouraged to submit an application and registration via the Ripoff Report website for the defendant's "Corporate Advocacy Program" whereby for a fee the injured party may be assisted to "restore their reputation." The defendant's targeted advertisement to those parties defamed on its website touts that:

> "to make your search engine listings change from a negative to a positive all you need to know is this: by becoming a member of the Corporate Advocacy Program, no matter how you search your name on search engines, it will all look as it should. Positive."

Fees "for enrolling in the program are based on the number of Reports" and/or "the number of physical locations you have."

12.     The Ripoff Report also solicits subjects of false and/or defamatory Ripoff Reports to submit "the matter to …[the defendant's] V.I.P. Arbitration process." The

defendant charges fees for administering the arbitral program. Regardless of the outcome of the "arbitration" and the "redaction" of false statements, "the report itself will not be removed."

13.     On May 8, 2013, the plaintiff Richard A. Goren obtained a judgment and a permanent injunction in civil action number 2012-4121-H in the Massachusetts Superior Court in and for the County of Suffolk styled *Richard A. Goren v. John Doe dba of John Doe dba Arabianights-Boston Massachusetts* and another (the "Lawsuit") , a copy of which is Exhibit A (the "Judgment").

14.     On May 14, 2013 the plaintiff Richard A. Goren served the defendant with a demand that it cease infringing on his copyright and that the defendant remove from the defendant's Ripoff Report website the published work of John Doe dba Arabianights-Boston Massachusetts' January 31, 2012 Report # 831689 posted on the Ripoff Report website captioned "Complaint Review: Richard A. Goren."

15.     On June 25, 2013, the plaintiff Richard A. Goren again demanded that the defendant remove from the Ripoff Report website the infringing material.

16.     On June 27, 2013 the defendant notified Richard A. Goren it refused to remove the infringing report.

17.     On November 26, 2012 in the Lawsuit the Massachusetts Superior Court entered a preliminary injunction enjoining the publication and/or republication of the Ripoff Report # 831689. A copy of the preliminary injunction is Exhibit B. On November 26, 2012 Richard A. Goren served Google with a copy of the preliminary injunction requesting that Ripoff Report # 831689 be removed from the Google search engine. Google informed the plaintiff that it required a list of the exact URLs containing the content specified in the injunction. In January 2013 plaintiff informed Google of five URLs containing the offending material on a search

"Richard Goren attorney" and "Richard Goren fraud."   Upon information and belief, these URLs referenced the original January 31, 2012 publication date of Ripoff Report # 831689. Upon information and belief, Google did remove the URLs.

18.   Upon information and belief, to the knowledge of the defendant and/or with the approval of the defendant Ripoff Report # 831689 has been re-indexed such that the same material bearing different dates including February 2, 2012 and July 24, 2012 appears on a Google search. A list of the URLs of a Google search conducted on July 16, 2013 for Richard A Goren with different words from the January 31, 2012 Ripoff Report is Exhibit C.  Each of 15 URLs is a publication by the defendant. Each of the publications constitutes an infringement of the copyright of the plaintiff SMALL JUSTICE LLC.

19.   Defendant's foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of both plaintiffs.

20.   As a result of defendant's infringement of his copyright and exclusive rights under copyright, RICHARD A. GOREN is entitled to his actual damages and/or his statutory damages pursuant to 17 U.S.C. § 504(c).

21.   As a result of defendant's infringement of SMALL JUSTICE LLC's copyright and exclusive rights under copyright, SMALL JUSTICE LLC is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for defendant's infringement of its copyright.   SMALL JUSTICE LLC is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

22.   The conduct of defendant is causing and, unless enjoined and restrained by this Court, will continue to cause both plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.   Plaintiffs have no adequate remedy at law.   Pursuant to 17 U.S.C. §§ 502 and 503, plaintiffs are entitled to injunctive relief prohibiting defendant from

further infringing plaintiff's copyright, and ordering defendant to remove from its Ripoff Report website the published work of John Doe dba Arabianights-Boston Massachusetts' January 31, 2012 Report # 831689 posted on the Ripoff Report website captioned "Complaint Review: Richard A. Goren."

WHEREFORE, plaintiffs pray for judgment against defendant XCENTRIC VENTURES LLC as follows:

1. For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing SMALL JUSTICE LLC 's rights under federal or state law and from continuing to publish, and/or from republishing all or any part of the John Doe dba Arabianights-Boston Massachusetts' January 31, 2012 Report # 831689 posted on the Ripoff Report website captioned "Complaint Review: Richard A. Goren."

2. For RICHARD A. GOREN'S actual and statutory damages for each infringement pursuant to 17 U.S.C. Section 504.

3. For SMALL JUSTICE LLC's statutory damages for each infringement pursuant to 17 U.S.C. Section 504.

4. For plaintiffs' costs in this action.

5. For plaintiffs' reasonable attorneys' fees incurred herein.

6. For such other and further relief, either at law or in equity, general or special, to which they may be entitled.

**DEMAND FOR JURY TRIAL.**

In accordance with the provisions of Fed. R. Civ. P 38 (b), plaintiffs demand a jury trial on all issues so triable.

SMALL JUSTICE LLC, and
RICHARD A. GOREN,

Plaintiffs,

By their attorney,

DATE: July 16, 2013

Richard A. Goren, Esq. BBO #203700
Law Office of Richard Goren
101 Federal Street Suite 1900
Boston MA 02110
617-261-8585
rgoren@richardgorenlaw.com

## Fed. R. Civ. P. 7.1 CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. Civ. P. 7.1 SMALL JUSTICE LLC files this disclosure statement.

SMALL JUSTICE LLC has no corporate parent company.

SMALL JUSTICE LLC,

By its attorney,

DATE: July 16, 2013

Richard A. Goren, Esq. BBO #203700
Law Office of Richard Goren
101 Federal Street Suite 1900
Boston MA 02110
617-261-8585
rgoren@richardgorenlaw.com