UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMALL JUSTICE LLC,<br>RICHARD A. GOREN,<br>and,<br>CHRISTIAN DUPONT dba<br>ARABIANIGHTS-BOSTON<br>MASSACHUSETTS<br><br>Plaintiffs,<br><br>v.<br><br>XCENTRIC VENTURES LLC,<br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 1:13-cv-11701-DJC<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' CROSS MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Pursuant to Fed. R. Civ. P. 12 (c) plaintiffs move for judgment on two of defendant's affirmative defenses. These affirmative defenses on which Defendant ("Xcentric") bears the burden of proof at trial are: (i) that the copyright rights in the work of plaintiff Christian DuPont ("Author") were transferred to Xcentric; and, (ii) that Xcentric is entitled to immunity under 47 U.S.C. § 230 (c)(1). Plaintiffs also move for judgment that on the present record as a matter of law Xcentric's March 7, 2012 registration of copyright is unforceable.

The Author and Small Justice LLC ("Author's Assignee") sue Xcentric for copyright infringement. Xcentric bears the burden of proof at trial on its affirmative defense that the copyright rights in the Author's two works were transferred to it by the Author. *Jim Henson Productions, Inc. v. John T. Brady et al*, 16 F. Supp. 2d 259, 285 (S. D. N.Y. 1997). To meet this burden requires Xcentric to prove "that the mutual intention of …[the Author and Xcentric] was to effect an irrevocable transfer of …[the Author's] copyrights to [Xcentric]." *Id.* citing *Gaste v. Kaiserman*, 863 F.2d 1061, 1064 (2d Cir. 1988). In its Motion to Dismiss the First Amended

Complaint Xcentric contends that "it is the sole rightful owner of the work at issue in this case." (Paper 14, at 11). According to Xcentric proof that the Author clicked "yes" and "affirmatively accept[ed] and agree[d] to Xcentric's Terms of Service" will satisfy the condition of a signed writing. (*id.* at 11-12). Contrary to Xcentric's contention there is no evidence the Author clicked "yes" to anything much less indicating by his actions that he thereby "affirmatively accept[ed] and agree[d] to Xcentric's Terms of Service." Second as a matter of law on the undisputed present record no reasonable author would know or have reason to believe that for the free membership Xcentric expected to be compensated by all rights of ownership of the work. On the undisputed present record the Author had no way of knowing that Xcentric expected to own all rights to his work. And, even assuming *arguendo* the Author knew or had reason to believe Xcentric expected to be compensated by all rights of ownership of his work, the Author's bare act of posting his work on the Ripoff Report web site as a matter of law cannot constitute an unambiguous indication of assent to the transfer of all the Author's copyright rights.

There is a complete absence of evidence or even a sworn allegation in the record to support Xcentric's required proof of ownership of the Author's copyright rights in the works in question. What Xcentric has placed in the record in support of its burden of proof demonstrates there is an absence of any genuine issue of material fact and that the Author and the Author's Assignee are entitled to judgment as a matter of law on this issue. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). See *Lujan v. National Wildlife Federation,* 497 U.S. 871, 885 (1990)("Celotex made clear that Rule 56 does not require the moving party to *negate* the elements of the nonmoving party's case.")(emphasis original). Cf. *Cooper v. Kenexa Technology, Inc.,* 2012 WL 2956012 (D. Mass. 2012)(discussion of burden and shifting)(Casper, J.)

Second, the plaintiff Richard A. Goren ("Goren") sues Xcentric seeking damages and equitable relief for past and continuing injury to his reputation as a lawyer from Xcentric's repeated publication of the Author's *per se* libel of Goren under color of Xcentric's claimed ownership of copyright. In its motion to dismiss Xcentric represents to the Court that it is the sole owner of the copyright rights to "use, copy, perform, display and distribute" the two works. But according to Xcentric regardless of the reprehensibility of its conduct, solely because of its status as the owner and operator of the Ripoff Report website, a quasi-public bulletin board, the Communications Decency Act, 47 U.S.C. §(c) (1) (CDA) requires dismissal of Goren's claims as a matter of law. (Paper 14, at 3[1]).

"Immunity under the CDA constitutes an affirmative defense that 'is generally not fodder for a Rule 12 (b)(6) motion.'…. Rather, 'such a defense is generally addressed as a Rule 12 (c) or Rule 56 motion.'" *Federal Trade Commission v. LeanSpa, LLC,* 920 F. Supp.2d 270, 275 (D. Conn. 2013).

As with its ownership of copyright affirmative defense what Xcentric has placed in the record in support of its burden of proof as to its entitlement to immunity under the CDA demonstrates there is an absence of any genuine issue of material fact and that Goren is entitled to judgment as a matter of law on this issue.

Plaintiffs are also entitled to partial judgment on the pleadings that Xcentric's March 7, 2012 registration of copyright ownership is unenforceable. Xcentric's registration asserts that it is the owner of the copyright rights pursuant to a Work Made for Hire contract. What Xcentric has put in the record as the contract by which the Author transferred the copyright rights in his

---

[1] According to Xcentric, "to the extent these …[three] claims arise from Xcentric's 'publication' of the two [indisputably libelous works] about Mr. Goren, those claims are wholly barred by [section 230 (c)(1) of] the Communications Decency Act."

3

work does not purport to be, and as matter of law is not Work Made for Hire contract. Among other things, the "contract" is not signed by Xcentric.

In support of this motion plaintiffs file their Combined Memorandum in opposition to Xcentric's Motion to Dismiss and in support of Plaintiffs' Motion for Partial Judgment on the Pleadings and the affidavit of Richard A. Goren of even date.

WHEREFORE plaintiffs request the Court to enter Orders:

1. That as a matter of law judgment must enter there is no enforceable contract entered into by and between plaintiff Christian DuPont and defendant Xcentric Ventures LLC whereby plaintiff Christian DuPont transferred his copyright rights to Xcentric Ventures LLC whether by his mere posting of his work on Ripoff Report web site or otherwise;

2. That as a matter of law judgment must enter that defendant Xcentric Ventures LLC has no affirmative defense under the Communications Decency Act, 47 U.S.C. §(c)(1) for publishing the per se libel of the plaintiff Richard A. Goren under color of its claimed ownership of copyright on the Ripoff Report website;

3. That as a matter of law judgment must enter that defendant Xcentric Ventures LLC has no affirmative defense under the Communications Decency Act, 47 U.S.C. §(c)(1) for publishing or displaying the per se libel of the plaintiff Richard A. Goren under color of its claimed ownership of copyright on the servers of Google and other search engines; and

4. That as a matter of law judgment must enter that the March 7, 2012 Certificate of Copyright Registration of defendant Xcentric Ventures LLC is unenforceable against the plaintiffs Christian DuPont and Small Justice LLC.

Respectfully submitted,

SMALL JUSTICE LLC,
RICHARD A. GOREN, and,
CHRISTIAN DUPONT dba ARABIANIGHTS-BOSTON MASSACHUSETTS
Plaintiffs,

By their attorney,

DATE: October 15, 2013

*s/Richard A. Goren*
Richard A. Goren, Esq. BBO #203700
Law Office of Richard Goren
101 Federal Street Suite 1900
Boston MA 02110
617-261-8585
rgoren@richardgorenlaw.com

**LOCAL RULE 7.1(A)(2) CERTIFICATION
AND CERTIFICATE OF SERVICE**

I hereby certify that counsel for the parties conferred concerning the subject of this motion prior to filing, and unsuccessfully attempted in good faith to resolve or narrow the issues.

I hereby certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on October 15, 2013.

*/s/ Richard A. Goren*