# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

SMALL JUSTICE LLC, RICHARD A.
GOREN, and CHRISTIAN DUPONT
dba ARABIANIGHTS-BOSTON
MASSACHUSETTS,

        Plaintiffs,

v.

XCENTRIC VENTURES LLC,

        Defendant.

Civil Action No. 1:13-cv-11701-DJC

**ANSWER OF DEFENDANT
XCENTRIC VENTURES, LLC**

     Defendant Xcentric Ventures, LLC ("Xcentric" or "Defendant") hereby Answers Plaintiffs' First Amended Complaint as follows:

     1.     Defendant admits the allegations contained in Paragraph 1 of Plaintiffs' First Amended Complaint.

     2.     Defendant denies the allegations contained in Paragraph 2 of Plaintiffs' First Amended Complaint.

     3.     Defendant generally denies that this Court has personal jurisdiction over it and that venue is proper. Defendant responds to each sub-part to this paragraph as follows:

     (i)     Defendant denies the allegations contained in Paragraph (i) of Plaintiff's First Amended Complaint.

     (ii)     Defendant denies the allegations contained in Paragraph (ii) of Plaintiff's First Amended Complaint.

     (iii)     Defendant denies the allegations contained in Paragraph (iii) of Plaintiff's First Amended Complaint.

(iv)     Defendant denies the allegations contained in Paragraph (iv) of Plaintiff's First Amended Complaint.

(v)     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph (v) of Plaintiff's First Amended Complaint and therefore denies the same.

(vi)     Defendant admits the allegations contained in Paragraph (vi) of Plaintiff's First Amended Complaint.

(vii)     Defendant admits the allegations contained in Paragraph (vii) of Plaintiff's First Amended Complaint.

(viii)     Defendant denies the allegations contained in Paragraph (viii) of Plaintiff's First Amended Complaint.

(ix)     Defendant denies the allegations contained in Paragraph (ix) of Plaintiff's First Amended Complaint.

## <u>PARTIES</u>

4.     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph 4 of Plaintiff's First Amended Complaint and therefore denies the same.

5.     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph 5 of Plaintiff's First Amended Complaint and therefore denies the same.

6.     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph 6 of Plaintiff's First Amended Complaint and therefore denies the same.

7.     Defendant admits the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint.

## **BACKGROUND**

8.      Defendant admits the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint.

9.      Defendant admits the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint.

10.     Defendant denies that what is shown in Paragraph 10 of Plaintiff's First Amended Complaint is "all that appears in the box" and that there was no direction or requirement to read the Terms & Conditions.  Defendant admits the remaining allegations of Paragraph 10 of Plaintiff's First Amended Complaint.

11.     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph 11 of Plaintiff's First Amended Complaint and therefore denies the same.

12.     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph 12 of Plaintiff's First Amended Complaint and therefore denies the same.

13.     Defendant denies the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint.

14.     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph 14 of Plaintiff's First Amended Complaint and therefore denies the same.

15.     Defendant denies the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint.

16.     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph 16 of Plaintiff's First Amended Complaint and therefore denies the same.

17.     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph 17 of Plaintiff's First Amended Complaint and therefore denies the same.

18.     Defendant denies the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint.

19.     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph 19 of Plaintif's First Amended Complaint and therefore denies the same.

20.     Defendant denies the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint.

21.     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations in Paragraph 21 of Plaintiff's First Amended Complaint and therefore denies same.

22.     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph 22 of Plaintiff's First Amended Complaint and therefore denies the same.

23.     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph 23 of Plaintiff's First Amended Complaint and therefore denies the same.

24.     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies the same.

25.     Defendant admits the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint.

26.     Defendant admits the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint.

27.     Defendant admits the allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint.

32.     Defendant admits the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint.

33.     Defendant admits the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint.

36.     Defendant admits the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint.

37.     Defendant generally denies the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint, but admits that it indexes its pages to optimize search engine results.

38.     Defendant generally denies the allegations in Paragraph 38 of Plaintiff's First Amended Complaint, but admits that it indexes its pages to optimize search engine results.

39.     Defendant denies the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint.

40.     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph 40 of Plaintiff's First Amended Complaint and therefore denies the same.

41.     Admit that Xcentric informed Goren that the author was solely responsible for the report, but denies the remaining allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint.

42.     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph 42 of Plaintiff's First Amended Complaint and therefore denies the same.

43.     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph 43 of Plaintiff's First Amended Complaint and therefore denies the same.

44.     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint and therefore denies the same.

45.     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph 45 of Plaintiff's First Amended Complaint and therefore denies the same.

46.     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph 46 of Plaintiff's First Amended Complaint and therefore denies the same.

47.     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph 47 of Plaintiff's First Amended Complaint and therefore denies the same.

48.     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph 48 of Plaintiff's First Amended Complaint and therefore denies the same.

49.     Defendant admits the allegations contained in Paragraph 49 of Plaintiff's First Amended Complaint.

50.     Defendant admits the allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint.

51.     Defendant admits the allegations contained in Paragraph 51 of Plaintiff's First Amended Complaint.

52.     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph 52 of Plaintiff's First Amended Complaint and therefore denies the same.

53.     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph 53 of Plaintiff's First Amended Complaint and therefore denies the same.

54.     Defendant admits the allegations contained in Paragraph 54 of Plaintiff's First Amended Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of Plaintiff's First Amended Complaint.

56.     Defendant denies the allegations contained in Paragraph 56 of Plaintiff's First Amended Complaint.

57.     Defendant lacks sufficient knowledge upon which to form a belief as to the truth of the allegations of Paragraph 57 of Plaintiff's First Amended Complaint and therefore denies the same.

## COUNT I DECLARATORY JUDGMENT—28 U.S.C. §2201—AS TO OWNERSHIP OF COPYRIGHT

58.     Defendant repeats and realleges each of its responses contained in Paragraphs 1 – 57 of this Answer.

59.     Defendant admits the allegations contained in Paragraph 59 of Plaintiff's First Amended Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of Plaintiff's First Amended Complaint.

61.     Defendant denies the allegations contained in Paragraph 61 of Plaintiff's First Amended Complaint.

62.     Defendant denies the allegations contained in Paragraph 62 of Plaintiff's First Amended Complaint.

## COUNT II COPYRIGHT INFRINGEMENT

63.     Defendant repeats and realleges each of its responses contained in Paragraphs 1 – 62 of this Answer.

64.     Defendant denies the allegations contained in Paragraph 64 of Plaintiff's First Amended Complaint.

65.     Defendant denies the allegations contained in Paragraph 65 of Plaintiff's First Amended Complaint.

66.     Defendant denies the allegations contained in Paragraph 66 of Plaintiff's First Amended Complaint.

67.     Defendant denies the allegations contained in Paragraph 67 of Plaintiff's First Amended Complaint.

68.     Defendant denies the allegations contained in Paragraph 68 of Plaintiff's First Amended Complaint.

69.     Defendant denies the allegations contained in Paragraph 69 of Plaintiff's First Amended Complaint.

70.     Defendant denies the allegations contained in Paragraph 70 of Plaintiff's First Amended Complaint.

<u>COUNT V UNFAIR AND DECEPTIVE ACTS IN TRADE OR COMMERCE CHAPTER 93A</u>

82.     Defendant repeats and realleges each of its responses contained in Paragraphs 1 – 70 of this Answer.

83.     Defendant admits the allegations contained in Paragraph 83 of Plaintiff's First Amended Complaint.

84.     Defendant denies the allegations contained in Paragraph 84 of Plaintiff's First Amended Complaint.

85.     Defendant denies the allegations contained in Paragraph 85 of Plaintiff's First Amended Complaint.

86.     Defendant denies the allegations contained in Paragraph 86 of Plaintiff's First Amended Complaint.

87.     Defendant denies the allegations contained in Paragraph 87 of Plaintiff's First Amended Complaint.

88.     Defendant denies the allegations contained in Paragraph 88 of Plaintiff's First Amended Complaint.

## GENERAL DENIAL

Defendant generally denies each and every allegation of the First Amended Complaint except as otherwise expressly admitted herein.

## JURY DEMAND

Defendant demands a trial by jury as to all matters so triable.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint and each cause of action set forth therein fails to state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

The Complaint and each cause of action set forth therein is barred by lack of personal jurisdiction over Defendant. Furthermore, Plaintiff Dupont agreed to jurisdiction in Arizona over all disputes arising from his posts on Ripoff Report.

## THIRD AFFIRMATIVE DEFENSE
### (Lack of Standing)

The Complaint and each cause of action set forth therein is barred by Plaintiffs' lack of standing.

## FOURTH AFFIRMATIVE DEFENSE
### (Immunity Under the Communications Decency Act)

Without acknowledging that such is an affirmative defense, as opposed to an affirmative element of Plaintiffs' case, the Complaint fails to state any claim upon which relief may be granted because, *inter alia*, Defendant may not be treated as the publisher of any of the statements at issue in this matter pursuant to the Communications Decency Act, 47 U.S.C. § 230(c)(1).

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Complaint and each cause of action set forth therein is barred by Plaintiffs' unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
### (Indemnity)

The Complaint and each cause of action set forth therein is barred because Plaintiff Dupont has a contractual obligation to indemnify Defendant for disputes arising out of posts on Ripoff Report. Furthermore, to the extent all Plaintiffs seek tort damages, Defendant is indemnified by Plaintiff Dupont as the creator of the allegedly offending posts.

## SEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

The Complaint and each cause of action set forth therein is barred to the extent that the applicable statute(s) of limitations have expired.

## EIGHTH AFFIRMATIVE DEFENSE
### (Truth)

The Complaint and each defamation-based cause of action set forth therein is barred to the extent that any statements of and concerning Plaintiffs were, in fact, true.

## NINTH AFFIRMATIVE DEFENSE
### (Setoff)

The Complaint and each cause of action set forth therein is barred to the extent that the damages recovered from Plaintiffs will equal or exceed any damages recoverable by Plaintiffs.

WHEREFORE, Defendant Xcentric Ventures respectfully requests that the Court enter judgment in favor of Defendant and against Plaintiffs and grant the following relief:

A.      Dismissal of all causes of action with prejudice;

B.    For Defendant's costs and attorneys' fees incurred defending this Complaint; and

C.    For such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

For its counterclaim against Counterdefendant Christian Dupont, Counterclaimant Xcentric Ventures, LLC hereby alleges as follows:

### Parties, Jurisdiction, and Venue

1.    Counterclaimant Xcentric Ventures, LLC ("Xcentric") is an Arizona limited liability company doing business in Arizona.

2.    Upon information and belief, Counterdefendant Christian Dupont ("Dupont") is an individual residing in Boston, Massachusetts.

3.    This Court has jurisdiction pursuant to 28 U.S.C. § 1367(a) and Federal Rule of Civil Procedure 13(a), because this Counterclaim arises out of the same case or controversy as the original Complaint.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(3) because this Court has chosen to exercise personal jurisdiction over the parties to the original action.

### General Allegations

5.    Xcentric operates the consumer-oriented website Ripoff Report, where visitors can share their experiences with a business with other visitors.

6.    Visitors of Ripoff Report must create a profile before posting on the site.

7.    Visitors must agree to Ripoff Report's Terms of Service prior to posting on Ripoff Report as a condition of posting on Ripoff Report.

8.    Ripoff Report's Terms of Service places exclusive jurisdiction in Arizona over disputes arising from any post.

9.     Ripoff Report's Terms of Service requires posters to grant Xcentric an exclusive worldwide license over any and all posts on Ripoff Report.

10.     Ripoff Report's Terms of Service requires posters to indemnify Xcentric for any disputes arising from any post on the website.

11.     If Counterdefendant Dupont posted a report on Ripoff Report, he had to create a profile on Ripoff Report to do so.

12.     If Dupont authored the post, he agreed to Ripoff Report's Terms of Service as a condition of posting on Ripoff Report to.

13.     The author of the post and Xcentric therefore had a contract, granting Xcentric an exclusive worldwide license over the posts on Ripoff Report and requiring the author to indemnify Xcentric in the event of a dispute concerning the posts.

14.     The author also agreed, in this contract, to exclusive jurisdiction in Arizona to any dispute concerning the posts.

## COUNT ONE
(Breach of Contract)

15.     Xcentric restates and realleges each prior allegation as if fully stated herein.

16.     If Dupont is the author of the posts, he contracted with Xcentric for the right to post on Ripoff Report.

17.     The contract required the author to grant Xcentric an exclusive worldwide license over his posts on Ripoff Report.

18.     The contract required the author to indemnify Xcentric for disputes arising from those posts.

19.     The contract required the author to agree to exclusive jurisdiction in Arizona over all disputes arising from those posts.

20.     A dispute over the author's posts arose as indicated by Goren's current lawsuit.

21.     Xcentric has been forced to defend itself.

22.     By failing to defend Xcentric's exclusive license in the author's posts, the author has breached that contract.

23.     By failing to defend Goren's claims against Xcentric, the author has breached that contract.

24.     By joining as a plaintiff against Xcentric, Dupont, if he is the author, has breached that contract.

25.     As a result of Dupont's breach, Xcentric has been damaged in an amount to be proven at trial. Xcentric is entitled to recover all such damages, including attorneys' fees and costs of litigation as required by the contract.

WHEREFORE, Defendant Xcentric Ventures respectfully requests that the Court enter judgment in favor of Defendant and against Plaintiffs and grant the following relief:

A.     Direct, incidental, and consequential damages in an amount to be proven at trial.

B.     Attorneys' fees and costs as required by contract and by any other statute or law mandating such reimbursement; and

C.     For such other and further relief as the Court deems just and proper.

DATED this 7th day of April, 2014.

Respectfully submitted,

BOOTH SWEET LLP

Daniel G. Booth (BBO#672090)
32R Essex Street, Suite 1
Cambridge, Massachusetts 02139
(617) 250-8602

dbooth@boothsweet.com

JABURG & WILK, P.C.

By: /s/ Maria Crimi Speth

Maria Crimi Speth (admitted pro hac vice)
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona  85012
(602) 248-1000
mcs@jaburgwilk.com

*Counsel for Defendant Xcentric Ventures LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this <u>7th</u> day of April, 2014, I electronically filed the foregoing document to the Clerk's Office using the CM/ECF System for filing, thereby causing a true copy thereof to be served upon counsel of record for Plaintiffs.

Richard A. Goren
Law Office of Richard Goren
101 Federal Street
Suite 1900
Boston, MA 02110
Attorneys for Plaintiffs

<u>/s/ Maria Crim Speth</u>
