UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SMALL JUSTICE LLC, RICHARD A. GOREN, and, CHRISTIAN DUPONT dba ARABIANIGHTS-BOSTON MASSACHUSETTS,<br><br>Plaintiffs,<br><br>v.<br><br>XCENTRIC VENTURES LLC,<br>Defendant. | CIVIL ACTION NO. 1:13-cv-11701-DJC |

**DEFENDANT-IN-COUNTERCLAIM'S ASSENTED TO RULE 15(a)(2) NOTICE OF AMENDMENT OF HIS ANSWER TO COUNTERCLAIM TO ADD AFFIRMATIVE DEFENSE OF G.L. c. 93A.**

On March 24, 2014, the Court granted in part, and denied in part, defendant's motion to dismiss. (Paper 45). On April 8, 2014, defendant filed its answer and counterclaimed against the plaintiff Christian DuPont seeking damages for breach of contract and its legal fees for defending this action. (Paper 49). On April 28, 2014, the Court issued a scheduling Order which among other things specified a deadline for amended pleadings to be due by September 30, 2014. That same day, April 28, 2014, Christian DuPont, the defendant in counterclaim, filed his answer to Counterclaim. (Paper 51). At the heart of the case is defendant's affirmative defense that it owns an exclusive license to the plaintiff Christian DuPont's works posted on the Ripoff Report website. The answer to the counterclaim included 8 affirmative defenses, including two alleging inadequate disclosure of the material terms of the defendant's contract offer to the author and defendant in counterclaim. (Id. at 3). But through error and inadvertence the reply did not

include 93A as a specific affirmative defense. In their opposition to defendant's motion to dismiss the First Amended Complaint, plaintiffs had noted that:

> Xcentric's "offer" constitutes deceptive advertising under both applicable federal and Massachusetts law because it is likely to mislead a reasonable author under the circumstances and is material to an author's decision to transfer his copyright rights. *Aspinall v. Philip Morris,* 442 Mass. 381, 394-95 (2004).

(Paper 21 at 20 n. 15.). *Aspinall* is a leading 93A case.

The proposed amendment is well within the scheduling Order. No meaningful discovery has been completed. Defendant in counterclaim contends there is simply no conceivable prejudice and that the amended pleading is not futile.

Xcentric does not maintain a place of business and does not keep assets in the Commonwealth. And, the defendant-in-counterclaim seeks to use 93A, not as a sword, but defensively. He only raises it in response to Xcentric's claim of a binding contract requiring him to defend Xcentric's claimed exclusive license and to indemnify Xcentric for its costs of this litigation. There is no need for a demand letter.[1] See *Koufos v. US Bank NA*, 939 F. Supp. 2d 40, 50 (D. Mass. 2013) (Casper, J.).

Fed. R. Civ. P 15(a)(2) provides:

> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Without endorsing the contentions underlying this motion and without prejudice to dispute the applicability of G.L. c. 93A as a defense to its counterclaim, plaintiff in counterclaim assents to defendant in counterclaim's amendment of his answer to solely add the NINTH AFFIRMATIVE DEFENSE of G.L. c. 93A.

---

[1] G.L. c. 93A §9 ("the demand requirements of this paragraph shall not apply if the claim is asserted by way of counterclaim or cross-claim, or if the prospective respondent does not maintain a place of business or does not keep assets within the commonwealth).

The Amended Answer to Counterclaim adding solely the NINTH AFFIRMATIVE DEFENSE of G.L. c. 93A to be separately filed as of right is attached as Exhibit A.

Respectfully submitted,

CHRISTIAN DUPONT
Defendant in counterclaim,

By his attorney,

DATE: August 11, 2014

*s/Richard A. Goren*
Richard A. Goren, Esq. BBO #203700
Law Office of Richard Goren
101 Federal Street Suite 1900
Boston MA 02110
617-261-8585
rgoren@richardgorenlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on August 11, 2014.

*/s/ Richard A. Goren*