DARREN MITCHELL MEADE
711 Pacific Coast Highway # 308
Huntington Beach, CA 92648
(949)813-4983
PRO PER

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SMALL JUSTICE LLC et al,          ) Civil Action No. 1:13-CV-11701-DJC
    PLAINTIFF,                 )
  vs.                             )
                                 )
XCENTRIC VENTURES LLC,            )
    DEFENDANT.                 )

## MOTION TO QUASH

### INTRODUCTION

DARREN MITCHELL MEADE ('Meade') files this Motion for an Order to Quash the Subpoena to Produce Documents and the Subpoena for Deposition served on Meade. This matter was filed in the United States District Court, District of Massachusetts. Meade is not a party to this action, and he resides in Orange County, California, but Subpoena **Compliance is in the Central District of California**.

On 8/8/2014 Meade was served with two (2) subpoenas, one for Production of Documents (due date being 8/14/2014) and the other for a Deposition on 8/25/2014. On 8/13/2014 Meade requested an extension of time from Attorney Richard Goren, the issuing attorney and the attorney for plaintiffs, for review/compliance of the subject Subpoenas. Goren allowed that Meade could have until 8/18/14 or 8/19/14 for the production of documents and that he would discuss a revised deposition date for early September 2014. Goren further allowed that the imminent production of documents could be produced by Meade in Orange County, CA. (See Declaration of Meade attached hereto).

I, Darren Meade, am the moving party in this matter. The information stated herein is based upon personal knowledge and if not based upon personal knowledge based upon information and belief. I submit this written motion and declaration in lieu of giving live testimony however if called as a witness I could and would competently testify to the contents herein.

Meade seeks to quash Attorney Richard Goren's ('Goren') August 8, 2014 SUBPOENA FOR DOCUMENTS because it impermissibly seeks the expedited production of documents from Plaintiffs on August 14, 2014. In particular, Goren's subpoena for documents should be quashed because it: (1) it does not allow Meade a reasonable time to comply, see Fed. R. Civ. P. 45(d)(3)(A)(i); and (2) it seeks to obtain privileged matter.

Meade further seeks to quash Attorney Richard Goren's ('Goren') August 8, 2014 SUBPOENA FOR DEPOSITION because it impermissibly seeks the expedited deposition of Meade on August 25, 2014. In particular, Goren's subpoena for deposition should be quashed because it: (1) it does not allow Meade

pg. 3

a reasonable time to comply, see Fed. R. Civ. P. 45(d)(3)(A)(i); and (2) it seeks to obtain privileged matter (FRCP 45(d)(3)(B)(i)-(ii).

The Central District of California (Santa Ana, CA) is the proper court to hear this Motion because it is the court for the district where Meade resides and where compliance is required {FRCP 45 (d)(1)}.

## POINTS AND AUTHORITIES

**A. The Subpoenas Do Not Allow a Reasonable Amount of Time for Review and Compliance with the Subpoenas**

Goren's subpoenas violate the Federal Rules of Civil Procedure **(FRCP 45(d)(3)(A)(i)**. Under Rule 45, a court is required to quash a subpoena that fails to allow enough time to comply.

Goren's Subpoenas Fail to Allow a Reasonable Time to Comply
The subpoena requesting an extensive list of documents was served only (4) business days before the date of the production of documents and only (11) business days before the deposition, an insufficient amount of time for Meade to comply in either matter.

Rule 45(c)(3)(i) provides that the Court "must quash or modify a subpoena that fails to allow a reasonable time to comply." This subpoena for documents does not allow Meade enough time to collect, review, and produce these documents in the timeframe proposed by Goren's subpoena.

pg. 4

Plaintiffs' counsel cannot reasonably comply with the subpoena for deposition within the timeframe of the subpoenas, and asks this Court to quash the subpoenas for documents and deposition upon these grounds alone.

**B. Goren's Subpoenas Seek to Obtain Privileged Matter In Violation of the Duty of Attorney/Client Privilege and Confidentiality Between Goren and Meade**

In 2014 Meade contacted Goren for legal advice. The subject matters of the subpoenas involve privileged matter which was disclosed to Goren by Meade during the legal advice sessions.

**C. Goren's Subpoenas Seek to Have Meade Divulge and Violate the Privacy of Privileged Sources of Information**

Meade is an investigative journalist and much of the information that Goren seeks from Meade is further privileged and protected under Meade's Confidentiality Agreements with his sources. As such, if Meade were to violate the Privacy of his sources in contravention of the terms of their relationship and agreement, it could expose Meade to undue litigation and damages. See (FRCP 45(d)(3)(B)(i)-(ii); and (Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995)).

Goren is asking for everything on Meade's laptop and diary (Subpoena Schedule A) which contains information about an active criminal investigation as well as personal information, unrelated to Goren's underlying suit. Goren seeks this information to further his LLC's interests. (See Declaration of Meade).

### D. Attorney Goren Seeks to Use the Subpoena Process of this Court for an Improper Purpose and Should not be Allowed to Abuse the Process

Under information and belief, Goren is the plaintiff, (owner of Small Justice LLC), and is the counsel for plaintiff in the underlying action. Earlier in 2014 Meade sought counsel to assist him with a claim against the defendants (Xcentric) herein. He was contacted by Goren who expressed interest in being Meade's counsel. During their conversations Goren elicited extensive information about Xcentric. Said information was confidential and privileged under the attorney/client privilege, even though Goren did not end up representing Meade. Goren's ulterior purpose in contacting Meade was to obtain information for the underlying lawsuit herein. Disclosure will violate Meade's privacy interests. The information is not being sought for a legitimate purpose. (Meade Declaration)

**Federal Rule of Civil Procedure 45**
**(d)** Protecting a Person Subject to a Subpoena;
Enforcement.
 **(1)** Avoiding Undue Burden or Expense;
Sanctions. A party or attorney responsible for
issuing and serving a subpoena must take
reasonable steps to avoid imposing undue burden
or expense on a person subject to the subpoena.

The court for the district where compliance is
required must enforce this duty and impose an
appropriate sanction – which may include lost
earnings and reasonable attorney's fees – on a
party or attorney who fails to comply.

1 **FRCP 45**
2 **(3) Quashing or Modifying a Subpoena.**
3 **(A) When Required.** On timely motion, the
4 court for the district where compliance is
5 required must quash or modify a subpoena
6 that:
7 (i) fails to allow a reasonable time to
8 comply;

11 **FRCP 45(c);**
12 (iii) requires disclosure of privileged or
13 other protected matter, if no exception
14 or waiver applies; or
15 (iv) subjects a person to undue burden.

## CONCLUSION

18 For the reasons stated herein, Goren's subpoenas for documents and for deposition
19 should be quashed.

21 I declare under penalty of perjury under the laws of the State of California that the
22 foregoing is true and correct.

24 Dated: 8-22-14                    *[signature: Darren Mitchell Meade]*
25                                   DARREN MITCHELL MEADE, Applicant for
26                                                Order on Motion to Quash

DARREN MITCHELL MEADE
711 Pacific Coast Highway # 308
Huntington Beach, CA 92648
(949)813-4983
PRO PER

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SMALL JUSTICE LLC et al,

PLAINTIFF,

vs.

XCENTRIC VENTURES LLC,

DEFENDANT.

Civil Action No. 1:13-CV-11701-DJC

DECLARATION OF DARREN MEADE IN SUPPORT OF MOTION TO QUASH SUBPOENAS

I, Darren Mitchell Meade, am the moving party in this matter and not a party to this action. The information stated herein is based upon personal knowledge and if not based upon personal knowledge based upon information and belief. I submit this written motion and declaration in lieu of giving live testimony however if called as a witness I could and would competently testify to the contents herein.

Compliance with the subject subpoenas is within this court's jurisdiction, as contained in this Motion. (See Exhibit A-Subpoenas). A few months ago I was interested in suing the within defendant, Xcentric, and published my interest in seeking counsel for unpaid wages from Xcentric. I was contacted by Goren in that context as he and I discussed my case at length with him. I believed our

pg. 8

1 conversation to be confidential, and believed that I was disclosing matters within
2 the privilege of an attorney/client relationship.

4 During those conversations Goren elicited a lot of information about my
5 investigations which I believed he would need for my potential lawsuit against
6 Xcentric. However, Goren did not take my case, but rather used the information
7 gained from me for his own personal uses, such as this lawsuit and for the purpose
8 of furthering his Small Justice LLC company.

10 Shortly thereafter, I received the within subpoenas requesting everything from my
11 laptop and diary. Presumably his deposition of me will attempt to gain more of
12 this privileged information as well.

14 Further, I declare that I am an investigative journalist, and that some of the
15 requested information regards an ongoing criminal case I have been investigating.
16 This matter includes private sources and information which I cannot have revealed.
17 Additionally, my laptop and diary contain private information about myself.

19 Finally, to subtract and protect this information from the subpoenas would leave
20 Goren with nothing relevant to his action, if indeed any of this is relevant in the
21 first place. As such, his subpoenas should be quashed in their entirety.

23 I declare under penalty of perjury under the laws of the State of California that the
24 foregoing is true and correct.
25 Dated: 8-22-2014

*/s/ Darren Mitchell Meade*

26 DARREN MITCHELL MEADE, Pro Per