UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMALL JUSTICE LLC, <br> RICHARD A. GOREN, <br> and, <br> CHRISTIAN DUPONT dba <br> ARABIANIGHTS-BOSTON <br> MASSACHUSETTS <br><br> Plaintiffs, <br><br> v. <br><br> XCENTRIC VENTURES LLC, <br> Defendant. | CIVIL ACTION NO. 1:13-cv-11701-DJC |

**PLAINTIFFS' MOTION TO AMEND NOTICE OF APPEAL.**

Pursuant to FRAP 4 (a)(5) plaintiffs respectfully request the Court to extend the time to file a notice of appeal, in effect to allow them to amend their April 24, 2015 (Paper 108) Notice of Appeal so as to explicitly include in the scope of the appeal the Court's March 24, 2014 Memorandum and Order granting defendant's motion to dismiss as well as the Court's March 27, 2015 Memorandum and Order granting defendant's motion for summary judgment.

As reasons therefore, plaintiffs state as follows:

1. On March 24, 2014, (Paper 45) the Court granted defendant's Rule 12 (b)(6) motion to dismiss claims for libel and intentional interference with prospective contractual relations on the basis of immunity under the Communications Decency Act and denied plaintiffs' motion for judgment on the pleadings as to defendant's assertion of immunity under the Communications Decency Act.

2. On March 27, 2015, (Paper 100) the Court granted defendant's motion for summary judgment on the remaining claims.

3. On March 27, 2015, the Court entered judgment (Paper 104) for the defendant.

4. On April 24, 2015, Small Justice LLC, Richard A. Goren and Christian DuPont, being all the plaintiffs, filed a FRAP 3 Notice of Appeal (Paper 108) from the judgment for defendant (Paper 104) entered on March 27, 2015 in accordance with the Memorandum and Order dated March 27, 2015 granting defendant's motion for Summary Judgment.

5. The Court's March 2014 decision dismissing the libel and tortious interference claims became a final judgment only upon entry of Paper 104. The plaintiffs' intent is to appeal from the _entire_ judgment including the Court's decisions on defendant's entitlement to immunity under the Communications Decency Act as well the decisions disposing of the copyright and 93A claims.

6. By inadvertence the timely filed notice of appeal of the judgment failed to specifically reference the Court's prior March 24, 2014 decision.

7. On April 10, 2015, defendant filed a motion for an award of costs and fees. (Paper 105). With defendant's assent plaintiffs obtained an extension to file an opposition and on May 8, 2015 plaintiffs filed their opposition (Paper 111 and 112) to the request for a discretionary award of fees and costs. On May 6, 2015, the First Circuit Office of Settlement Counsel issued notice of a Mandatory Pre-Argument Settlement Conference for June 24, 2015. On May 11, 2015, plaintiffs' counsel filed with the First Circuit the required Docketing Statement and Notice of Appearance. On May 11, 2015, defendant's counsel emailed plaintiffs' counsel about a designation of the record and other potential requirements of FRAP 30(b)(1). On May 12, 2015, plaintiffs' counsel emailed defendant's counsel that

in the next few days he would get back to him about the record on appeal and also about possibly extending the time for briefing in light of the mandatory settlement conference at the end of June. On May 13, 2015, defendant made a settlement proposal. On May 14, 2015, plaintiffs' counsel examined the record for the appeal and saw that only the summary judgment decision was appended to the Abbreviated Electronic Record and immediately called Mr. Paine the appeals clerk for this Court; and, on May 15, 2015 plaintiffs' counsel conferred with Mr. Paine the appeals clerk for this Court.

8. Before midday on May 15, 2015, plaintiffs' counsel conferred with Mr. Booth, counsel to defendant, about both defendant's settlement proposal and this motion. Mr. Booth informed plaintiffs that the defendant will oppose this motion.

9. FRAP 4(a)(5) authorizes the Court to grant an extension of time to file a notice of appeal or to amend a timely filed notice of appeal upon a motion filed "not later than 30 days after the time prescribed" for filing a notice of appeal after entry of judgment. This motion is filed within 17 days of that deadline.

10. There is no danger of prejudice to defendant, the plaintiffs have acted in good faith and there should be no material impact on judicial proceedings.

11. The April 24th notice of appeal was timely and claimed appeal from entry of the final judgment. The post *Pioneer* standard of excusable neglect is a liberal one. *Graphic Comm'n Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F. 3d 1, 5 (1st Cir. 2001).

12. The proposed amended Notice of Appeal is attached as Exhibit A.

WHEREFORE plaintiffs ask the Court to grant their motion and enter an Order authorizing the plaintiffs to file an Amended Notice of Appeal, in the form of Exhibit A, within 14 days of entry of the Order.

May 15, 2015

Respectfully submitted,
SMALL JUSTICE LLC, RICHARD A. GOREN, and CHRISTIAN DUPONT,
Plaintiffs,

by their attorney,

*/s/ Richard A. Goren*
Richard A. Goren, Esq. BBO #203700
Law Office of Richard Goren
One State Street Suite 1500
Boston MA 02109
617-933-9494
rgoren@richardgorenlaw.com

**LOCAL RULE 7.1(A)(2) CERTIFICATION AND CERTIFICATE OF SERVICE**

I hereby certify that counsel for the parties conferred concerning the subject of this motion prior to filing.

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on May 15, 2015.

*/s/ Richard A. Goren*