UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMALL JUSTICE LLC,<br>RICHARD A. GOREN,<br>and,<br>CHRISTIAN DUPONT<br><br>Plaintiffs,<br><br>v.<br><br>XCENTRIC VENTURES LLC,<br><br>Defendant. | CIVIL ACTION NO. 1:13-cv-11701-DJC<br><br>**PROPOSED AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs assert the following claims against Defendant.

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101, *et seq.)* or in the alternative seeking damages in excess of $75,000.00 for libel, unfair and deceptive practices and intentional interference with prospective advantageous relations.

2. This Court has jurisdiction under 17 U.S.C. §101, et seq.; 28 U.S.C. § 1331 (Federal question); 28 U.S.C. §1338(a) (copyright); and, 28 U.S.C. §2201. In the alternative, this Court has jurisdiction under 28 U.S.C. § 1332 in that the plaintiffs and defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

3. This Court has personal jurisdiction over the defendant, and venue in this District is proper under 28 U.S.C. §139l (b) and 28 U.S.C. §1400(a), in that the defendant is subject to specific personal jurisdiction because, among other things and including but not limited to the following:

(i)  The alleged copyright infringement or in the alternative the alleged libel arises out of the defendant's display of the infringing work and/or publication in Massachusetts and has previously caused harm to Richard A. Goren and threatens to cause further harm to Small Justice LLC and Richard A. Goren within the Commonwealth of Massachusetts;

(ii)  Defendant deliberately has engaged in significant activities within the Massachusetts forum including without limitation using its website to solicit business and/or contracts from among others Richard A. Goren in Massachusetts and to encourage potential customers of the defendant's Ripoff Report Corporate Advocacy Business Remediation and Customer Satisfaction Program and the Ripoff Report Arbitration Program to contact the defendant through the use of its interactive website;

(iii) By knowingly and intentionally continuing to target its alleged copyright infringement and/or its published libel of Richard A. Goren in Massachusetts, the defendant should reasonably anticipate being sued in Massachusetts;

(iv)  Defendant has engaged in intentional conduct in Massachusetts calculated to cause harm to Massachusetts residents;

(v)  Defendant avers it made a contract with Christian DuPont dba Arabianights-Boston Massachusetts at 46 Rutland Square in Boston Massachusetts;

(vi)  On its website and in its correspondence with Richard A. Goren the defendant touts that as part of its routine business it "routinely" defends "lawsuits in both state and federal courts;

(vii) According to a PACER search on July 7, 2013 over the past 9 years the defendant has been a party to over forty (40) civil lawsuits in the United States District Courts for the

districts of Arizona, California, Florida, Georgia, Illinois, Nebraska, New York, New Jersey, Tennessee, and Texas;

(viii) The Commonwealth of Massachusetts has an interest in adjudicating defendant's tortious activities which have an impact on its residents in that among other things the alleged infringement and/or the alleged libel will have its most significant effects here; and,

(viii) The plaintiffs and their witnesses are in, or have addresses in, Massachusetts.

**PARTIES**.

4. SMALL JUSTICE LLC is a Delaware limited liability company with its principal office in Massachusetts ("SMALL JUSTICE LLC").

5. Richard A. Goren is an individual who practices law dba Law Office of Richard Goren with offices in Boston, Massachusetts ("Goren").

6. Christian DuPont dba Arabianights-Boston Massachusetts is a natural person who represented to the defendant that he has an address of 46 Rutland Square, Boston Massachusetts 02116.

7. XCENTRIC VENTURES LLC is an Arizona limited liability company with its principal office in Arizona. At all times material hereto XCENTRIC VENTURES LLC has been and is the owner and/or operator of the Ripoff Report ("defendant" or "XCENTRIC").

**BACKGROUND.**

8. Ripoff Report is "an interactive website" which holds itself out as "an online consumer advocacy forum that allows users to post free complaints called 'reports' about companies and/or individuals who they feel have wronged them in some manner."

9. Before posting a report on the Ripoff Report website a user creates a "free account" by furnishing his/her "Real Name" and address, a "Display Name" or pseudonym if different from his/her real name, an email address, and telephone number.

10. As of August 29, 2013, and upon information and belief in January and February 2012, after creating a free account, in order to post a free report, a user is confronted with a screen captioned "Submit your Report." Beneath that appears the words "Submit your Report," and beneath that a caption "Terms and Conditions" which is above a box. All that appears in the box is the following:

> **1. Ripoff Report Membership Terms & Conditions**
>
> To use this service, you must be at least 14 years old.
>
> www.RipoffReport.com ("ROR") is an online forum created to help keep consumers informed. ROR is operated by Xcentric Ventures, LLC located at:
>
> **Xcentric Ventures, LLC**
> Ripoff Report
> P.O. Box 310

In order to post a free report the user must click on a box alongside which in its entirety reads as follows:

> By posting this report/rebuttal, I attest this report is valid. I am giving Rip-off Report irrevocable rights to post it on the website. I acknowledge that once I post my report, it will not be removed, even at my request. Of course, I can always update my report to reflect new developments by clicking on UPDATE. Further, I agree that by posting the report/rebuttal that the State of Arizona has exclusive jurisdiction over any disputes between me and the operators of Ripoff Report arising out of this posting or the report to which this posting relates.

Exhibit A is a true and accurate copy of the page view "Submit your Report" as of August 29, 2013. On the right vertical margin of the box is a square figure which if dragged down reveals additional paragraphs 2 through 12. Exhibit B is a true and accurate copy of paragraphs 1 through 12. Upon information and belief based on the Affidavit of David Gingras, Esq. (Paper 8-1, filed August 8, 2013 ("Gingras Aff.")), XCENTRIC's present membership requirements for posting a free report are the same as were extant in January and February 2012. There is not now,

nor in January and February 2012 was there, any direction or requirement to read XCENTRIC's "Ripoff Report Membership Terms & Conditions."

11. On January 31, 2012, Christian DuPont dba Arabianights-Boston Massachusetts registered on defendant's Ripoff Report website and posted Report # 831689 on the Ripoff Report website captioned "Complaint Review: Richard A. Goren (the January 31, 2012 Ripoff Report is Exhibit C to the Gingras Aff., document 8-4).

12. The January 31, 2012 Ripoff Report falsely alleges that Goren routinely commits crimes in his practice of law, routinely defrauds both his clients and others, routinely commits perjury and has a history of violent crimes in his personal life.

13. The January 31, 2012 Ripoff Report constitutes libel *per se*.

14. The January 31, 2012 Ripoff Report is completely false and without basis in fact.

15. The January 31, 2012 Ripoff Report is not susceptible of both defamatory and non-defamatory meaning and as a matter of law is susceptible of only a defamatory meaning.

16. On February 2, 2012, Christian DuPont dba Arabianights-Boston Massachusetts posted Report # 833025 on the Ripoff Report website captioned "Complaint Review: Bodoff & Associates, P.C."

17. The February 2, 2012 Ripoff Report falsely alleges that Goren routinely commits crimes in his practice of law, routinely defrauds both his clients and others, routinely commits perjury and has a history of violent crimes in his personal life.

18. The February 2, 2012 Ripoff Report constitutes libel per se.

19. The February 2, 2012 Ripoff Report is completely false and without basis in fact.

20. The February 2, 2012 Ripoff Report is not susceptible of both defamatory and non-defamatory meaning and as a matter of law is susceptible of only a defamatory meaning.

21. Each of the January 31, 2012 Ripoff Report and the February 2, 2012 Ripoff Report impairs Goren's reputation as a lawyer and discredits him in the minds of a considerable and respectable segment of the community.

22. Goren's law practice relies on his reputation as a lawyer.

23. Goren's law practice has been damaged as a direct consequence of the January 31, 2012 Ripoff Report.

24. Goren's law practice has been damaged as a direct consequence of the February 2, 2012 Ripoff Report.

25. On March 7, 2012, XCENTRIC filed with the United States Copyright Office a registration of copyright ownership of both the January 31, 2012 Ripoff Report and the February 2, 2012 Ripoff Report. The Certificate of Registration for both the January 31, 2012 Ripoff Report and the February 2, 2012 Ripoff Report obtained by XCENTRIC is exhibit B to the Gingras Aff. (document 8-3) ("XCENTRIC's Copyright Registration").

26. XCENTRIC's Copyright Registration asserts ownership of both the January 31, 2012 Ripoff Report and the February 2, 2012 Ripoff Reports.

27. XCENTRIC neither engaged Christian DuPont dba Arabianights-Boston Massachusetts to write either of the January 31, 2012 Ripoff Report or the February 2, 2012 Ripoff Report as an employee nor commissioned either report pursuant to a written instrument signed by both the author and XCENTRIC.

28. There is no signed writing supported by valuable consideration constituting a transfer of copyright ownership by Christian DuPont dba Arabianights-Boston Massachusetts of either the January 31, 2012 Ripoff Report or the February 2, 2012 Ripoff Report.

29. As a matter of law XCENTRIC's website did not give Christian DuPont dba Arabianights-Boston Massachusetts sufficient notice of the existence and terms of a purported contract constituting a transfer of copyright ownership and/or whether the act of posting a "free" report manifested the author's assent to a transfer of his copyright ownership.

30. As a matter of law XCENTRIC's website did not give Christian DuPont dba Arabianights-Boston Massachusetts a meaningful opportunity to review paragraphs 2 through 12 of XCENTRIC's Ripoff Report Membership Terms & Conditions.

31. As a matter of law there can be no meeting of the minds as to the terms of the purported contract inasmuch, among other things, the offeror, XCENTRIC, retained the right to change the terms and conditions of its Ripoff Report Membership Terms & Conditions at any time and without notice other than the posting of same on XCENTRIC's website.

32. XCENTRIC's published policy is that it will not remove a report from its website even if the report is adjudged defamatory or even if the author requests the report to be taken down. XCENTRIC's policy is that any statement posted on its website is a "permanent record." XCENTRIC touts that it "has always had a strict no-removal policy" and that "we have spent millions of dollars of legal fees over the years defending that policy" and that under the federal Communications Decency Act while "victims [who are defamed on the Ripoff Report may] pursue the original _author_ of a false statement" (emphasis original), the Ripoff Report [and its owner XCENTRIC are each] immune and may not be sued."

33. XCENTRIC offers alternative commercial fee based solutions for the subjects of false and/or defamatory reports posted on its Ripoff Report website.

34. XCENTRIC solicits the subjects of a false and/or defamatory Ripoff Report to "join" XCENTRIC's "Corporate Advocacy Program." The injured party is encouraged to

submit an application and registration via the Ripoff Report website for XCENTRIC's "Corporate Advocacy Program" whereby for a fee the injured party may be assisted to "restore their reputation." XCENTRIC's targeted advertisement to those parties defamed on its website touts that:

> "to make your search engine listings change from a negative to a positive all you need to know is this: by becoming a member of the Corporate Advocacy Program, no matter how you search your name on search engines, it will all look as it should. Positive."

Fees "for enrolling in the program are based on the number of Reports" and/or "the number of physical locations you have."

35. XCENTRIC also solicits subjects of false and/or defamatory Ripoff Reports to submit "the matter to …[ XCENTRIC's] V.I.P. Arbitration process." XCENTRIC charges fees for administering the arbitral program. Regardless of the outcome of the "arbitration" and the "redaction" of false statements, "the report itself will not be removed."

36. XCENTRIC holds itself out to Google, Yahoo, Microsoft's Bing and other search engines as the copyright owner of the reports posted on its Ripoff Report website, including without limitation Christian DuPont's January 31, and February 2, 2012 Ripoff Reports. By way of example as copyright owner XCENTRIC regularly makes, and upon information and belief successfully enforces, thousands of copyright removal requests to Google of content found on other websites as to which XCENTRIC claims copyright ownership.

37. By its published directives, actions and/or inaction under generally accepted internet industry standard protocols, including without limitation its uses of robots meta tag and so-called serving directives, XCENTRIC communicates with Google, Yahoo, Bing and other search engines and has thereby caused Christian DuPont's January 31, and February 2,

2012 Ripoff Reports to be indexed by Google and other search engines so as to maximize the number of hits or page views by search engine users.

38. By its published directives, actions and/or inaction under generally accepted internet industry standard protocols, including without limitation its uses of robots meta tag and so-called serving directives, XCENTRIC communicates with Google, Yahoo, Bing and other search engines and has thereby caused Christian DuPont's January 31, and February 2, 2012 Ripoff Reports to be archived by Google and other search engines and thereby provide a so-called "cached" link showing the page(s) as it/they appeared the last time the search engine visited the page so as to maximize the number of hits or page views by search engine users.

39. By its actions, including without limitation as set forth in the preceding two paragraphs, XCENTRIC has publicly displayed or caused to be publicly displayed Christian DuPont's January 31, and February 2, 2012 Ripoff Reports without privilege to do so.

40. In November 2012, Goren commenced suit in the Massachusetts Superior Court against Christian DuPont for libel and interference with advantageous relations. Upon commencement of the suit, Goren informed XCENTRIC that the January 31, 2012 Ripoff Report was the number one listing on a Google search for Richard Goren attorney and falsely informed the Google searcher that Goren is "a child molester," that he "routinely defrauds both clients and adversaries, that [he] … routinely commits perjury to advance…[his illegal] schemes."

41. In November 2012, XCENTRIC informed Goren that Christian DuPont dba Arabianights-Boston Massachusetts was solely responsible as the author of the January 31, 2012 Ripoff Report and that XCENTRIC only provided an electronic bulletin board and had no ownership of, or responsibility for, any defamatory material posted on the Ripoff Report website.

42. On November 26, 2012, upon a finding that the continued republication of the January 31, 2012 Ripoff Report presented a continuing threat of irreparable harm to Goren, the Massachusetts Superior Court entered a preliminary injunction enjoining the author and "any other person or entity in active concert or participation" with the then pseudonymous author Arabianights-Boston Massachusetts from continuing to publish or republish the January 31, 2012 Ripoff Report.

43. On November 26, 2012, Goren served a certified copy of the Court's preliminary injunction on Google, Inc. and requested the removal of two specific so-called URLs linked to the January 31, 2012 Ripoff Report.

44. On December 7, 2012 Google's removal team informed Goren that it had removed from its search results the following URL:

http://www.ripoffreport.com/lawyers/richard-a-goren/richard-a-goren-richard-a-go-E4302.htm.

45. On January 8, 2013, Goren informed Google that he had learned of the presence of several more URLs, including upon information belief four URL's linked to the same two which in late November 2012 Goren had requested Google to remove.

46. On January 11, 2013 Google's removal team notified Goren "the following URL's no longer appear on Google.com

> http://www.ripoffreport.com/directory/richard-a.aspx
> http://www.ripoffreport.com/lawyers/richard-a-goren/richard-a-goren-richard-a-go-e4302.htm"

47. In the Superior Court action, Goren served Christian DuPont notice of Goren's intention to waive his claim for damages upon entry of a judgment whereby among other things

10

Christian DuPont would transfer to Goren his copyright ownership in and to the January 31, 2012 Ripoff Report.

48. With no opposition from Christian DuPont on May 8, 2013, the Massachusetts Superior Court entered an Amended Judgment, a copy of which is Exhibit A to the July 16, 2013 Complaint filed in this action.

49. On May 14, 2013, Goren served the May 8, 2013 Judgment on XCENTRIC and demanded that XCENTRIC cease infringing on his copyright and that XCENTRIC remove from its Ripoff Report website the January 31, 2012 Report # 831689 posted on the Ripoff Report website captioned "Complaint Review: Richard A. Goren."

50. On June 25, 2013, Goren again demanded that XCENTRIC remove from its Ripoff Report website the infringing material.

51. On June 27, 2013, XCENTRIC informed Goren that the injunction could not be enforced against XCENTRIC because as a provider of an interactive internet service it has immunity under the federal Communications Decency Act, 47 U.S.C. §230 (c) (1) and is not liable for defamation published on its Ripoff Report by a third party information content provider.

52. On July 21, 2013, Goren was informed there were more than fifty different separate search results on Google each linking to the January 31, 2012 Ripoff Report and/or to the second February 2, 2012 Ripoff Report including upon information and belief links that had been previously been removed by Google.

53. In the Superior Court action Goren served Christian DuPont with a motion to amend the May 8, 2013 Judgment to include the February 2, 2012 Ripoff Report. Christian

DuPont did not oppose the motion; and, on August 16, 2013, the Massachusetts Superior Court Entered an Amended Judgment and Permanent Injunction, a copy of which is Exhibit C.

54. On August 30, 2013, Goren served the August 16, 2013 Judgment on XCENTRIC and demanded that XCENTRIC take down and remove the February 2, 2012 Ripoff Report # 833025 on the Ripoff Report website captioned "Complaint Review: Bodoff &Associates, P.C."

55. On July 3, 2013 and on August 30, 2013, the author of the January 31, 2012 Ripoff Report and the February 2, 2012 Ripoff Report assigned all his right, title and interest in and to both the January 31, 2012 Ripoff Report and the February 2, 2012 Ripoff Report to Goren who thereupon assigned same to SMALL JUSTICE LLC.

56. The assignments by the author of the January 31, 2012 Ripoff Report and the February 2, 2012 Ripoff Report to Goren constitute valid and enforceable transfers of ownership under 17 U.S.C. § 201 (d).

57. By applications dated July 3, 2013 and September 2, 2013, SMALL JUSTICE LLC filed for Certificate of Copyright Ownership with respect to the published work of John Doe aka Christian DuPont dba Arabianights-Boston Massachusetts specifically both the January 31, 2012 Ripoff Report and the February 2, 2012 Ripoff Report.

## COUNT I DECLARATORY JUDGMENT-28 U.S.C. §2201- AS TO OWNERSHIP OF COPYRIGHT .

58. Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 57.

59. XCENTRIC has represented to this Court that it has the exclusive ownership of all copyright in and to both the January 31, 2012 Ripoff Report and the February 2, 2012 Ripoff Report pursuant to the XCENTRIC Copyright Registration.

60. The author and plaintiff assignees contend that there is no writing signed by the author where for consideration he transferred ownership of his copyright in and to either or both of the the January 31, 2012 Ripoff Report and the February 2, 2012 Ripoff Report.

61. SMALL JUSTICE LLC is the copyright owner of exclusive rights under United States copyright with respect to both the January 31, 2012 Ripoff Report and the February 2, 2012 Ripoff Report.

62. There is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to the ownership of the copyrights of each of the January 31, 2012 Ripoff Report and the February 2, 2012 Ripoff Report.

**COUNT II COPYRIGHT INFRINGEMENT.**

63. Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 62.

64. XCENTRIC caused Google, Yahoo, Bing and other search engines to copy and archive the snapshot taken by the search engine's "crawler" the last time it visited XCENTRIC's Ripoff Report website and specifically the January 31, 2012 Ripoff Report and the February 2, 2012 Ripoff Report.

65. XCENTRIC has published, and continues to publish, the January 31, 2012 Ripoff Report and/or the February 2, 2012 Ripoff Report without right or license to do so every time a search engine user clicks on a cached link to the archived copy of each work.

66. XCENTRIC has publicly displayed, and continues to publicly display, the January 31, 2012 Ripoff Report and/or the February 2, 2012 Ripoff Report without right or

license to do so every time a search engine user clicks on a cached link to the archived copy of each work.

68. XCENTRIC's foregoing acts of infringement have been willful and intentional, in disregard of, and with indifference to, the rights of the plaintiffs.

68. As a result of XCENTRIC's infringement of his copyright and exclusive rights under copyright, RICHARD A. GOREN is entitled to his actual damages and/or his statutory damages pursuant to 17 U.S.C. § 504(c).

69. As a result of XCENTRIC's infringement of SMALL JUSTICE LLC's copyright and exclusive rights under copyright, SMALL JUSTICE LLC is entitled to statutory damages pursuant to 17 U.S.C. § 504(c).

70. The conduct of XCENTRIC is causing and, unless enjoined and restrained by this Court, will continue to cause RICHARD A. GOREN and SMALL JUSTICE LLC great and irreparable injury that cannot fully be compensated or measured in money. RICHARD A. GOREN and SMALL JUSTICE LLC have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, RICHARD A. GOREN and SMALL JUSTICE LLC are entitled to injunctive relief prohibiting XCENTRIC from further infringing their copyright, and ordering XCENTRIC to remove from its Ripoff Report website both the January 31, 2012 Ripoff Report and the February 2, 2012 Ripoff Report and to take all necessary steps to have Google, Yahoo, Bing and other search engines remove all cached copies and links to both the January 31, 2012 Ripoff Report and the February 2, 2012 Ripoff Report.

## COUNT III LIBEL.

71. Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 70.

72. To the extent XCENTRIC has published or publicly displayed either or both of the per se defamatory January 31, 2012 and the February 2, 2012 Ripoff Reports under color of its exclusive ownership of each such work, it has published and/or publicly displayed the per se libel as its own work and hence is not immune under 47 U.S.C. § 230 as a neutral internet Interactive Computer Service Provider.

73. XCENTRIC has knowingly and intentionally caused these two defamatory *per se* publications to be prominently and frequently featured on Google, and other search engines, to Massachusetts and other users seeking information about Goren as an attorney.

74. After having actual notice of each of the November 2012 preliminary injunction, the May 2013 Judgment and the August 2013 Amended Judgment, XCENTRIC has continued to knowingly and intentionally cause these two *per se* defamatory publications to be prominently and frequently featured on Google, and other search engines, to Massachusetts and other users seeking information about Goren as an attorney.

75. As a direct and proximate result of XCENTRIC's *per se* defamatory publications Goren has suffered a loss of income, damage to his reputation, and emotional distress.

76. As a direct and proximate result of XCENTRIC's actions as aforesaid Goren has suffered damages in an amount to be determined at trial.

### COUNT IV INTENTIONAL INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS.

77. Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 76.

78. To the extent XCENTRIC has published or publicly displayed either or both of the per se defamatory January 31, 2012 Ripoff Report and the February 2, 2012 Ripoff Reports

under color of its exclusive ownership of each such work, XCENTRIC has intentionally interfered with Goren's prospective contractual relations with potential clients.

79. XCENTRIC's interference with Goren's prospective contractual relations has been achieved and continues to be achieved by the improper means of defamatory falsehoods.

80. In the alternative, XCENTRIC's interference with Goren's prospective contractual relations has been achieved and continues to be achieved by the improper motive of causing financial harm to Goren.

81. As a direct and proximate result of XCENTRIC's wrongful interference with Goren's prospective contractual relations, Goren has suffered damages in an amount to be determined at trial.

**COUNT V- UNFAIR AND DECEPTIVE ACTS IN TRADE OR COMMERCE CHAPTER 93A .**

82. Plaintiffs incorporate herein by this reference each and every allegation contained in paragraphs 1 through 81.

83. Each of Goren and XCENTRIC is engaged in the conduct of trade or commerce for purposes of G.L. c. 93A §§ 2 and 11.

84. XCENTRIC's libel of Goren and/or its tortious interference with Goren's prospective advantageous relations took place primarily and substantially in Massachusetts.

85. XCENTRIC's publication or public display of either or both of the per se defamatory January 31, 2012 and the February 2, 2012 Ripoff Reports under color of its exclusive ownership of each such work, constitutes unfair and deceptive business practices.

86. XCENTRIC's statements that it was immune under 47 U.S.C. § 230 as a neutral internet Interactive Computer Service Provider constitute unfair and deceptive representations.

87. XCENTRIC's actions constitute knowing and/or willful violations of G.L. c.

16

93A.

88. Goren has suffered a loss of money as a result of XCENTRIC's unfair and deceptive acts.

WHEREFORE, RICHARD A. GOREN, SMALL JUSTICE LLC and CHRISTIAN DUPONT pray for judgment against defendant XCENTRIC VENTURES LLC as follows:

1. Under Count I a declaration that SMALL JUSTICE LLC is the lawful owner of the copyright ownership of each of the January 31, 2012 and February 2, 2012 works.

2. Under Count I in the alternative that the grant by Christian DuPont of a non-exclusive license to each of the January 31, 2012 and February 2, 2012 works to the defendant Xcentric Ventures LLC is unenforceable as contrary to public policy;

3. Under Count I in the alternative a declaration that there is no writing signed by Christian DuPont constituting a grant to defendant Xcentric Ventures LLC of an exclusive license to his work and consequently that Christian DuPont is the owner of all the exclusive rights of copyright under the Copyright Act to each of the January 31, 2012 and February 2, 2012 works.

4. Under Count II entry of a preliminary and then permanent injunction providing that:

XCENTRIC VENTURES LLC shall be and hereby is enjoined from directly or indirectly infringing SMALL JUSTICE LLC 's rights under federal or state law and from continuing to publish, and/or from republishing all or any part of the January 31, 2012 Report # 831689 posted on the Ripoff Report website captioned "Complaint Review: Richard A. Goren" and from republishing all or any part of the February 2, 2012 Report # 833025 posted on the Ripoff Report website captioned "Complaint Review: Bodoff & Associates."

And

XCENTRIC VENTURES LLC is Ordered to take all steps necessary or appropriate to cause Google, Yahoo and Bing to delete all cached copies of or links to both the January 31, 2012

Report # 831689 posted on the Ripoff Report website
captioned "Complaint Review: Richard A. Goren" and the
February 2, 2012 Report # 833025 posted on the Ripoff Report
website captioned "Complaint Review: Bodoff & Associates."

5. Under Count II a judgment in favor of RICHARD A. GOREN and SMALL JUSTICE LLC for their respective actual and/or statutory damages for each infringement pursuant to 17 U.S.C. Section 504; and an award of attorneys' fees.

6. Under Count III judgment in favor of RICHARD A. GOREN for damages as found by the jury.

7. Under Count IV judgment in favor of RICHARD A. GOREN for damages as found by the jury.

8. Under Count V judgment in favor of RICHARD A. GOREN for three times the damages he has sustained as a result of Defendant's unfair and deceptive acts and practices and an award of attorney's fees.

9. For plaintiffs' costs in this action.

10. For such other and further relief, either at law or in equity, general or special, to which plaintiffs may be entitled.

**DEMAND FOR JURY TRIAL.**

In accordance with the provisions of Fed. R. Civ. P 38 (b), plaintiffs demand a jury trial on all issues so triable.

SMALL JUSTICE LLC,
RICHARD A. GOREN, and,
CHRISTIAN DUPONT dba ARABIANIGHTS-
BOSTON MASSACHUSETTS
Plaintiffs,

By their attorney,

DATE: [ ]

*s/Richard A. Goren*
Richard A. Goren, Esq. BBO #203700
Law Office of Richard Goren
101 Federal Street Suite 1900
Boston MA 02110
617-261-8585
rgoren@richardgorenlaw.com

**CERTIFICATE OF SERVICE**

     I hereby certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those non-registered participants (if any) on [ ]

*/s/ Richard A. Goren*