# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMALL JUSTICE LLC, RICHARD A. GOREN, and CHRISTIAN DUPONT dba ARABIANIGHTS-BOSTON MASSACHUSETTS,<br><br>Plaintiffs,<br><br>v.<br><br>XCENTRIC VENTURES LLC,<br><br>Defendant. | Case No. 1:13-cv-11701-DJC<br><br>**OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT** |

Defendant Xcentric Ventures, LLC ("Xcentric") hereby files its Opposition to Motion for Leave to Amend Complaint. The Motion for Leave to Amend is improper at this late stage because a final order has been entered and an appeal is pending. The Motion should also be denied because of undue delay in filing the motion, futility of the proposed amendment, unfair prejudice to Xcentric, and because the Motion is a continuation of Goren's bad faith motive to harass and tax Xcentric for refusing to remove critical speech on the consumer review website, RipoffReport.com ("Ripoff Report"). Xcentric has served a motion for sanctions pursuant to Rule 11(c) and will file said motion once 21 days after such service has elapsed unless the Motion is withdrawn. This Opposition is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Richard Goren ("Goren") abandoned his damages claim against the actual perpetrator of the acts for which he sought remuneration in a state court action, and then

filed this suit against Xcentric. As an experienced and practiced attorney, Goren knew well that his claims against Xcentric would be barred by the Communications Decency Act, the Copyright Act, and Mass. Gen. L. c. 93A. Goren's state court filings against Christian DuPont, the actual perpetrator, demonstrate this knowledge and intent to circumvent these statutes that very clearly bar relief from Xcentric).

Now, with an appeal pending, nearly a year after the deadline to amend pleadings and six months after summary judgment in Xcentric's favor, Goren seeks to amend the complaint to assert alternative relief on behalf of Christian DuPont. He does not explain why he (or DuPont) failed to include the alternative remedies earlier. And these requests for relief would have been foreclosed by the Court's Order granting motion for summary judgment. Thus, Xcentric respectfully requests that the Court deny Goren's frivolous motion for leave to amend.

**II. ARGUMENT**

    **A. Amendment Under Rule 15 Is Improper.**

        **1. Goren should not be allowed to "backdoor" a new theory he did not previously articulate.**

Goren's motion to amend appears designed to exploit what Goren considers assailable weaknesses in the Court's ruling. Indeed, Goren has a discernible record of manipulating the courts to manufacture relief post-judgment—*see* Goren's Superior Court motion practice. Goren attempts to "backdoor" his new argument by claiming the underlying issue was implicitly tried in the district court. He invokes Rule 15(b)(2), Fed. R. Civ. P., which provides that

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

10297-10297-00087\MCS\MCS\1751264.1

(Doc. 128, p. 6). Goren cites *Antilles Cement Corp. v. Fortuno* for the proposition that

> [a] party can give implied consent to the litigation of an unpleaded claim in two ways: by treating a claim introduced outside the complaint "as having been pleaded, either through [the party's] effective engagement of the claim or through his silent acquiescence"; or by acquiescing during trial "in the introduction of evidence which is relevant only to that issue."

(Doc. 128, p. 7, quoting 670 F.3d 310, 319 (1st Cir. 2012)).

But Goren attempts to stretch Rule 15(b) further than the Rule or the courts ever intended. "The purpose of Rule 15(b) is to allow the pleading to conform to issues actually tried, not to extend the pleadings to introduce issues inferentially suggested by incidental evidence in the record." *DCPB, Inc. v. City of Lebanon*, 957 F.2d 913, 917 (quoting *Grand Light & Supply Co. v. Honeywell, Inc.,* 771 F.2d 672, 680 (2d Cir. 1985)). Although implied consent may be provided by introduction of evidence relevant to the unpleaded issue, "[t]he introduction of evidence directly relevant to <u>a pleaded issue</u> cannot be the basis for a founded claim that the opposing party should have realized that a new issue was infiltrating the case." *Id*. (emphasis added). Rule 15(b) "was not designed to allow parties to change theories in mid-stream." *Butler v. Moore*, CIV. 10-10207-FDS, 2015 WL 1409676, at *71 (D. Mass. Mar. 26, 2015) (citing *Donald v. Wilson*, 847 F.2d 1191, 1198 (6th Cir.1988)). Yet this is precisely what Goren seeks to do.

Goren's new theory is that he, through DuPont, should be able to stop others from displaying the critical posts in places *other than* Ripoff Report because DuPont retains exclusive copyrights in the posts. (*See* Doc. 128, p. 3–4). He claims that he should be allowed to amend the complaint to seek declaratory relief for DuPont because the issue of DuPont's copyright ownership was implicitly tried. But Xcentric never effectively engaged the claim. And Xcentric did not present evidence relevant only to that issue.

Xcentric tailored its motion to dismiss and motion for summary judgment to the pleadings. The latest complaint only sought declaratory relief under Count I (copyright

3

ownership) for Goren and Small Justice. Certainly, the issue of DuPont's copyright ownership arose in the case. But the evidence and argument only referenced DuPont's copyrights to the extent necessary to address Goren and Small Justice's rights and claims. Nor did Xcentric address DuPont's right to relief based on claims of copyright ownership—under any theory, not just Goren's latest formulation. The issue was simply not litigated. Xcentric had no need to address DuPont's ownership rights because the issue was peripheral to the claims of Goren and Small Justice. Moreover, any claims Xcentric asserted in its counterclaim were never litigated because Xcentric moved to dismiss the claim. If Goren had wanted to plead various other theories of relief, he should have done so two years ago. He cannot switch horses mid-stream.

The First Circuit has expressed concern that permitting postjudgment amendment under Rule 15(b) "would allow plaintiffs to pursue a case to judgment and then, if they lose, to reopen the case by amending their complaint to take account of the court's decision." *U.S. ex rel. Ge v. Takeda Pharm. Co. Ltd.*, 737 F.3d 116, 129 (1st Cir. 2013) (quoting *James v. Watt,* 716 F.2d 71, 78 (1st Cir. 1983)). The Circuit explained that "[s]uch a practice would dramatically undermine the ordinary rules governing the finality of judicial decisions, and should not be sanctioned in the absence of compelling circumstances." *Id*. No such compelling circumstances are present here.

Goren never presented this latest theory when he had the chance. Now that he has the benefit of the Court's decision, he seeks to reopen the case and tailor his arguments to the decision. There is no reason Goren could not have asserted his new theory and requested relief previously. There are no new facts to support these claims. He presents no new evidence. The only difference is that the Court issued a final decision. This does not justify reopening the case.

### 2. The Court lacks authority to grant an amendment.

After entry of judgment, the district court lacks authority to grant a motion to amend a complaint unless postjudgment relief is granted—*i.e.*, the judgment is set aside

4

or vacated. *Takeda Pharm. Co. Ltd.*, 737 F.3d at 127; *Feliciano-Hernandez v. Pereira-Castillo*, 663 F.3d 527, 538 (1st Cir. 2011); *Fisher v. Kadant*, 589 F.3d 505, 509 (1st Cir. 2009). The filing of an appeal further deprives the trial court of jurisdiction to allow such an amendment. *Royal Bus. Group, Inc. v. Realist, Inc.*, 933 F.2d 1056, 1066 (1st Cir. 1991); *Denny v. Barber*, 576 F.2d 465, 468 (2d Cir. 1978).

Final judgment in this case was entered on March 27, 2015. (Doc. 104). Goren has not filed a motion to set aside or vacate the judgment in order to litigate his newly hatched claims for alternative relief, and, in any case, the period for Goren to seek such relief has run. *See* Fed. R. Civ. P. 59 & 60. Goren filed his Notice of Appeal on April 24, 2015. (Doc. 108). That appeal is pending. Thus, this Court likely lacks authority to grant Goren's motion for leave to amend his complaint.

### 3. Even if the Court retains authority to allow an amendment, there is no good cause to allow amendment.

Reasons for denying leave to amend a complaint include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment. *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 56 (1st Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962)). After scheduling order deadlines have passed, evaluation of a motion for leave to amend requires application of a "good cause" standard rather than Rule 15's "freely given" standard. *Somascan, Inc. v. Philips Medical Systems Nederland*, B.V., 714 F.3d 62, 64 (1st Cir. 2013) (citing *Flores-Silva v. McClintock-Hernandez*, 710 F.3d 1, 3 (1st Cir. 2013)); *Takeda Pharm. Co. Ltd.*, 7737 F.3d at 128; *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004); *see also* Doc. 54 ¶ 2 ("Except for good cause shown, no motions seeking leave . . . to amend the pleadings . . . may be filed after September 30, 2014). Late amendments are viewed with disfavor when the facts and theory have been known to the party since the inception of the case. *Mogel v. UNUM Life Ins. Co. of America*, 677 F.Supp.2d 362, 365 (D. Mass. 2009) (citing *Acri v. Int'l Ass'n of*

5

*Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986)). When the plaintiff files a motion to amend after the defendant has moved for summary judgment, the plaintiff must show substantial and convincing evidence to justify a belated attempt to amend. *Steir*, 383 F.3d at 12; *Talbots, Inc. v. Dynasty Intern., Inc.*, 808 F.Supp.2d 351, 364 (D. Mass. 2011). "Good cause for leave to amend a complaint after the court's deadline does not typically include a change of heart on a litigation strategy." *Martinez v. Petrenko*, __ F.3d __, 2015 WL 4071610 *6 (1st Cir. 2015) (citing *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 327 (1st Cir. 2008)).

### a) Goren's motion should be denied for undue delay.

When evaluating a plaintiff's delay in seeking to amend, the courts will consider what the movant knew, what he should have known, what he did, and what he should have done. *In re Lombardo*, 755 F.3d 1, 3–4 (1st Cir. 2014) (citing *Invest Almaz v. Temple-Inland Forest Prods. Corp.*, 243 F.3d 57, 72 (1st Cir. 2001)). Whether the plaintiff had a prior opportunity to amend is another data point to be considered. *Nikitine v. Wilmington Trust Co.*, 715 F.3d 388, 390 (1st Cir. 2013). Where considerable time has elapsed between filing of the complaint and a motion for leave to amend, the movant "at the very least" bears the burden of showing some valid reason for his neglect and delay. *In re Lombardo*, 755 F.3d at 3 (citing *Stepanischen v. Merchs. Despatch Transp. Corp.*, 722 F.2d 922, 933 (1st Cir. 1983)); *see also Takeda Pharm. Co. Ltd.*, 737 F.3d at 127–28 (affirming denial of leave to amend where plaintiff did not present any new evidence that was previously unavailable); *Somascan, Inc.*, 714 F.3d 62 (1st Cir. 2013) (affirming denial of leave to amend where motion was filed more than a year after deadline passed and plaintiff presented no persuasive argument that such delay was for good cause); *Nikitine*, 715 F.3d at 390–91 (affirming denial of leave to amend based on undue delay where nine months had elapsed since the initial filing, the plaintiff proffered no good reason for delay, and the "court reasonably could have concluded . . . that the plaintiff

6

was scrambling to devise new theories of liability based on the same facts pled in his original complaint") (internal citations omitted).

There is no reasonable justification for granting leave to amend. Goren's current proposed amendment seeks to assert alternative forms of relief under Count I on behalf of DuPont—declaratory judgments (1) that any non-exclusive license granted to Xcentric is contrary to public policy and (2) that no signed writing accompanying any grant of exclusive license means DuPont is the owner of all exclusive copyrights. (Doc. 129). There were plenty of opportunities for Goren to include such relief in his complaint. Goren previously sought and obtained leave to amend his complaint. His First Amended Complaint was filed in September of 2013. (Doc. 13). Thereafter, Goren engaged a motion to dismiss. (Doc. 14). He had until September 30, 2014 to seek further leave to amend the complaint but failed to do so. (Doc. 54). Goren still never sought such relief despite subsequently engaging a summary judgment motion. (Doc. 55). And, of course, he failed to seek relief prior to filing his appeal. (Doc. 108). This case has already ridden off into the sunset.

Goren provides no explanation why he (or DuPont) failed to include these alternative remedies sooner. He has not, and cannot, demonstrate good cause for such delay. And he certainly fails to provide "substantial and convincing evidence" to justify his belated amendment.

### b) Goren's motion should be denied as futile.

Futility of amendment is another basis for denial of leave to amend. A motion to amend is futile where the moving party seeks to make amendments that would clearly and unequivocally not survive on their face. *HSBC Realty Credit Corp. v. O'Neill*, 745 F.3d 564, 570 (1st Cir. 2014); *Green v. Cosby*, __ F.Supp.3d __, 2015 WL 1736487 *2 (D. Mass. 2015); *Englishtown, Inc. v. Rosetta Stone Inc.*, 962 F.Supp.2d 355, 358 (D. Mass. 2013).

7

Goren's proposed amendments would be futile. His new claims for relief are foreclosed by the Court's rulings. The underlying theory Goren proposes is that if he owns the copyright, DuPont "may implement the Superior Court decree by excluding Google and other search engines from publishing or displaying on their servers cached copies of his libel." Doc. 128-1 p. 3. This strategy has no chance of success. This Court held that Xcentric's "use did not exceed the scope of its license." Doc. 100 pp. 10-11. In addition, this Court previously found that the argument that Xcentric improperly authorized Google and other search engines to display cached copies was barred by the Communications Decency Act. Doc. 45 p. 12. Of course, there would be no legal basis for forcing search engines to delist the content Xcentric lawfully displays on its website. It is well-settled and common sense that search engine cached copies are fair use. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1169 (9th Cir. 2007). Moreover, by posting the content on the Internet, DuPont not only gave Xcentric an express, irrevocable, license to display the content; he also gave the search engines an implied license to make cached copies for purposes of searching for the content. See e.g. *Ass'n for Info. Media & Equip. v. Regents of the Univ. of California*, No. CV 10-9378 CBM MANX, 2011 WL 7447148, at *6 (C.D. Cal. Oct. 3, 2011).

        **c)**    **Goren's motion should be denied for unfair prejudice to Xcentric.**

Even where a court determines that the test for consent by implication is satisfied, amendment should be denied if it would amount to unfair prejudice to the other party. *In re Rauh*, 119 F.3d 46, 52 (1st Cir. 1997) (citing *DCPB, Inc. v. City of Lebanon*, 957 F.2d 913, 917 (1st Cir. 1992); *Lynch v. Dukakis*, 719 F.2d 504, 509 (1st Cir. 1983); *Scully Signal Co. v. Electronics Corp. of Amer.*, 570 F.2d 355, 362 (1st Cir. 1977)). In evaluating unfair prejudice, courts consider whether the defendant had a full and fair opportunity to defend the issue and whether the defendant could have offered additional evidence if the case had been tried on that theory. *In re Rauh*, 119 F.3d at 52; *Scully*

10297-10297-00087\MCS\MCS\1751264.1

*Signal Co.*, 570 F.2d at 362. Unfair prejudice may also result if amendment requires re-opening discovery. *Frappier v. Countrywide Home Loans, Inc.*, 750 F.3d 91, 96 (1st Cir. 2014) (citing *Steir*, 383 F.3d at 12).

Xcentric would be prejudiced if the Court allowed amendment. The new theory could have been addressed at minimal cost had it been included previously. Xcentric never had the opportunity to make arguments specific to the new theory or to DuPont's ownership rights and claims for relief. Although DuPont's ownership rights were peripherally referenced in this case, Xcentric focused its motion to dismiss and summary judgment arguments on the pleadings. The pleadings only requested declaratory relief as to Goren and Small Justice. Xcentric would have to engage in discovery to determine DuPont's intent and understanding when he posted on the website. Discovery on this issue was previously unnecessary because Goren and Small Justice's rights rested on an involuntary transfer of copyrights. To reopen the case and give Goren another bite at the apple would impose an unnecessary and costly burden on Xcentric. This burden is aggravated by Goren's relative advantage as a pro per litigant and by the fact that these claims could have been, but were not, asserted at the beginning of the case.

### III. CONCLUSION

Due to the foregoing, Defendant Xcentric Ventures, LLC respectfully requests that the Court deny Plaintiffs' Motion for Leave to Amend the Complaint. There is no good cause to allow amendment. The motion is unduly delayed. The motion is futile. Allowing amendment would impose undue prejudice on Xcentric. And the motion is the result of a bad faith and dilatory motive.

DATED this 13th day of August, 2015.

> Daniel G. Booth (BBO# 672090)
> BOOTH SWEET LLP
> 32R Essex Street, Suite 1
> Cambridge, MA 02139
> Telephone: (617) 250-8602
> Facsimile: (617) 250-8883
> dbooth@boothsweet.com

10297-10297-00087\MCS\MCS\1751264.1

                                            /s/Maria Crimi Speth
                                            Maria Crimi Speth (admitted *pro hac vice*)

                                            JABURG & WILK, P.C.
                                            3200 N. Central Avenue, 20th Floor
                                            Phoenix, AZ 85012
                                            mcs@jaburgwilk.com

                                            *Counsel for Defendant Xcentric Ventures, LLC*

## CERTIFICATE OF SERVICE

      I, Debra Gower, hereby certify that I electronically filed the foregoing motion by using the Court's ECF system on August 13, 2015, thereby causing a true copy of said document to be served electronically upon Plaintiff Richard A. Goren personally and in his capacity as counsel of record for Plaintiffs.

                                            /s/Debra Gower
                                            Debra Gower