**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| **SMALL JUSTICE LLC, RICHARD A.** | ) | |
| **GOREN, and CHRISTIAN DUPONT d/b/a** | ) | |
| **ARABIAN NIGHTS-BOSTON,** | ) | |
| **MASSACHUSETTS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 13-cv-11701** |
| | ) | |
| | ) | |
| **XCENTRIC VENTURES LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

_____)

**MEMORANDUM AND ORDER**

**CASPER, J.**                                            **September 30, 2015**

**I.      Introduction**

A series of post-judgment motions are now pending before the Court.   Following

judgment in its favor, Defendant Xcentric moved for an award of costs and attorney's

fees.  D. 105.  The Plaintiffs have moved to amend their original notice of appeal, D. 108.

D. 113.   After these two motions were filed, the Court notified the parties that it was

inclined to add a footnote to its Memorandum and Order issued on Xcentric's motion for

summary judgment, D. 100.  D. 115.   The plaintiffs responded with a motion for an

indicative ruling pursuant to Fed. R. Civ. P. 62.1 that the Court would allow a motion

under Fed. R. Civ. P. 60(b) to vacate the judgment.  D. 118.  Xcentric then moved to

dismiss its counterclaim against Plaintiff Dupont.  D. 121.  Dupont has moved to amend

the Plaintiffs' first amended complaint.  D. 129.  Xcentric has moved for sanctions against Plaintiff Goren pursuant to Fed. R. Civ. P. 11(c)(2).  D. 132.  The Court now denies all the pending motions except Xcentric's motion to dismiss its counterclaim, which the Court ALLOWS.

## II.    Procedural History

This case stems from Plaintiff Dupont's reports ("Reports") posted on Xcentric's website, the Rip-off Report ("ROR"), impugning Plaintiff Goren's professional and personal reputations.  D. 13.  The Plaintiffs originally asserted five claims against Xcentric:  declaratory judgment as to ownership of the copyrights to the Reports posted by Dupont on the ROR website, copyright infringement, libel, intentional interference with prospective contractual relations, and violation of Chapter 93A.  Id.  The Court dismissed the libel claim, the intentional interference claim and all bases but one of the Chapter 93A claim, reasoning that the claims were barred by the Communications Decency Act ("CDA"), 47 U.S.C. § 230.  D. 45.  Xcentric moved for summary judgment on the remaining counts, D. 55, which the Court allowed, reasoning that a reasonably prudent ROR user would have understood that he conveyed copyright ownership in his Reports to Xcentric, and, even if he did not, the website was clear that the user granted to Xcentric an irrevocable right to post the Reports.  D. 100.  Moreover, any rights to copyright ownership claimed by Small Justice were improperly acquired in the course of a Superior Court action that, contrary to 17 U.S.C. § 201(e), purported to transfer copyright ownership from Dupont to Goren.  Id.

### III.     Discussion

The Court's proposed footnote, D. 115, recognized that, although not raised by the parties in their summary judgment filings, if the failure to conform to the writing requirement of 17 U.S.C. § 204 applies to Dupont's transfer to Xcentric of an exclusive license to the Reports, Xcentric nonetheless acquired a nonexclusive, irrevocable license to display the reports.   D. 115.   Accordingly, Xcentric is still entitled to summary judgment as to Claim I.

The Plaintiffs argue that if Xcentric acquired only a nonexclusive license, then Dupont retained the copyrights to the Reports.  See D. 117 at 1-2, 4.  The Plaintiffs posit that the Court must declare whether Xcentric "lack[ed] authority to grant sublicenses to Google and other search engines to display *on their servers* copies of DuPont's work." Id. at 2 (emphasis in original).   In addition, Xcentric asserted a counterclaim against Dupont alleging that he violated a provision of the ROR terms and conditions that required him to indemnify Xcentric in the event of a dispute concerning the Reports.  D. 49.  No party moved for summary judgment on the counterclaim.  The Plaintiffs urge the Court to request a remand from the First Circuit pursuant to Fed. R. Civ. P. 62.1 to enable the Court to vacate the judgment under Fed. R. Civ. P. 60(b) and issue a declaratory judgment that Dupont owns the copyrights to the Reports and that the nonexclusive license granted to Xcentric does not permit Xcentric "to authorize Google and other search engines to exercise any rights in his work by displaying cached copies of DuPont's work on their servers."  D. 117 at 4.  The Plaintiffs also seek a judgment for Dupont on Xcentric's counterclaim.  Id.

### A.      Plaintiffs' Rule 62.1 Motion for an Indicative Ruling

The Plaintiffs' Rule 60(b) motion is without merit, and thus the Court denies their Rule 62.1 motion for an indicative ruling.  See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (indicating that, once appeal taken, remand from First Circuit required to permit district court to consider Rule 60(b) motion).  Rule 62.1 provides:  "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:  (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."  Fed. R. Civ. P. 62.1.  Rule 60(b) confers on the Court the power to "relieve a party . . . from a final judgment, order, or proceeding" for certain reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect" and "(6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).

"Rule 60(b) relief is 'extraordinary in nature' and, thus, 'motions invoking that rule should be granted sparingly.'"  Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)).  "A party seeking relief under Rule 60(b) must demonstrate 'at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.'"  Id.  "[A] litigant, as a precondition to relief under Rule 60(b), must give the trial court reason to believe that vacating the judgment will not be an empty

exercise."  Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. Co., Inc., 953 F.2d 17, 20 (1st Cir. 1992).

The Plaintiffs did not seek a declaration that Dupont owns the copyrights at issue. The prayer for relief as to Count I of the Plaintiffs' first amended complaint sought "a declaration that Small Justice [] is the lawful owner of the copyright ownership of each of the" Reports.  D. 13 at 17.  The Court ruled in Xcentric's favor based on the relief sought by the Plaintiffs because Small Justice does not own the copyrights to the Reports, and the ruling remains unaltered.

Accordingly, the Court denies the Plaintiffs' motion for an indicative ruling pursuant to Rule 62.1 because the Plaintiffs have not established that the Rule 60(b) motion they wish to assert is "potentially meritorious."  Teamsters, 953 F.2d at 21.

### B.   Plaintiffs' Motion to Extend Time to File Notice of Appeal

Citing Fed. R. App. P. 4(a)(5), the Plaintiffs have moved to extend the time to file a notice of appeal.  D. 113 at 1.  The Plaintiffs seek the extension so they can amend their April 24, 2015 notice of appeal, D. 108, to include the Court's March 24, 2014 order allowing Xcentric's motion to dismiss certain of the Plaintiffs' claims, D. 45.  "By inadvertence the timely filed notice of appeal of the judgment failed to specifically reference the Court's prior March 24, 2014 decision."  D. 113 at 2.

Even if this Court retains jurisdiction to consider this motion, see Smith v. Jenkins, 777 F. Supp. 2d 270, 271 (D. Mass. 2011) (citing United States v. Brooks, 145 F.3d 446, 455 (1st Cir. 1998)), Fed. R. App. P. 4(a), invoked by the Plaintiffs, does not provide a mechanism for amending a notice of appeal; it pertains only to extending the deadline for filing a notice of appeal.  Smith, 777 F. Supp. 2d at 271.  Moreover, even if

Rule 4(a)(5) applies, it requires a showing of either good cause or excusable neglect, neither of which has been demonstrated by the Plaintiffs.   Fed. R. App. P. 4(a)(5)(A)(ii). "[W]here there are no forces beyond the control of the would-be appellant that prevent him from taking timely steps to preserve his rights, 'good cause' has no applicability and an extension of the time for appealing can be justified only by a showing of excusable neglect." Mirpuri v. ACT Mfg., Inc., 212 F.3d 624, 630 (1st Cir. 2000).  The Plaintiffs point only to inadvertence as the reason for the oversight; they do not cite any forces beyond their control that prevented them from including the dismissed claims in their notice of appeal.  D. 113.

A determination of whether "excusable neglect" is present should consider the so-called Pioneer factors, including "the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, and whether the movant acted in good faith." Hospital del Maestro v. National Labor Relations Bd., 263 F.3d 173, 174-75 (1st Cir. 2001) (internal quotation marks and alterations omitted); see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). "The four Pioneer factors do not carry equal weight; the excuse given for the late filing must have the greatest import." Hospital, 263 F.3d at 175 (quoting Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000)).  Here, the only reason offered for the delay is inadvertence, which does not establish excusable neglect.  Mirpruri, 212 F.3d at 631 (stating that "mere 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect'") (quoting Pioneer, 507 U.S. at 392). The Court denies the Plaintiffs' motion to extend the time to file a notice of appeal.

### C.      Xcentric's Motion to Dismiss Counterclaim

The Plaintiffs, as one of the grounds for the Rule 62.1 motion, and the underlying Rule 60(b) motion, cite the need for the Court to dispose of the outstanding counterclaim asserted by Xcentric against plaintiff Dupont.  D. 118 at 1.  The counterclaim at issue is for breach of contract.  D. 52-1.  The ROR terms and conditions required Dupont to indemnify Xcentric if a dispute concerning the Reports arose.  Id. at 14.

Pursuant to Fed. R. Civ. P. 41(a)(2) and 41(c), Xcentric now moves to dismiss its own counterclaim.  D.  121.  Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court deems proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).  Rule 41(c) makes explicit that "[t]his rule applies to a dismissal of any counterclaim . . . ." Fed. R. Civ. P. 41(c).

Rule 41(a)(2) "allows a plaintiff to voluntarily dismiss his own case as long as 'no other party will be prejudiced.'"  Colón Cabrera v. Esso Standard Oil Co. (Puerto Rico), Inc., 723 F.3d 82, 87 (1st Cir. 2013) (quoting P.R. Mar. Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981)).  "In deciding whether to grant a Rule 41(a)(2) motion, courts typically look to the 'defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.'"  Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000) (quoting Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir. 1969)).  "Dismissal should in most instances be granted, unless the result would

be to legally harm the defendant."  <u>Century Mfg. Co., Inc. v. Central Transp. Int'l, Inc.</u>,

209 F.R.D. 647, 648 (D. Mass. 2002) (internal quotation marks and alterations omitted).

The Plaintiffs do not sufficiently address any prejudice that would be suffered by

Dupont if the counterclaim were dismissed.  The Plaintiffs' only argument with respect to

prejudice is that Dupont "has a legal interest in complying with the Massachusetts

judgment."  <u>Id.</u> at 10.  The Plaintiffs also cite Goren's interest in "effectuating the decree

in his favor and also an argument as attorney-in-fact for Dupont to press for

implementation of that decree."  <u>Id.</u>

The dismissal of the counterclaim does not prejudice Dupont and thus the Court

allows Xcentric's motion.  The Plaintiffs do not indicate that Dupont or Goren, as his

attorney-in-fact, has expended significant resources on the counterclaim, nor had the

Plaintiffs moved for summary judgment on the counterclaim.  <u>Cf.</u> <u>Urohealth</u>, 216 F.3d at

163.  The Plaintiffs were the ones who attempted to use the unresolved counterclaim as a

foothold to vacate the judgment entered by the Court, giving Xcentric a reason to pursue

its dismissal.  In these circumstances, the Court concludes that Dupont will not suffer any

legal harm if Xcentric abandons the counterclaim, and, therefore, dismissal is proper.

**D.      Plaintiffs' Motion to Amend First Amended Complaint**

Perhaps recognizing that he did not move for declaratory judgment in his favor,

Dupont now moves to amend the Plaintiffs' first amended complaint, D. 13, pursuant to

Fed. R. Civ. P. 15(b)(2).  D. 129.  Rule 15(b)(2) provides a means for "[a] party [to]

move – at any time, even after judgment – to amend the pleadings to conform them to the

evidence and to raise an unpleaded issue."  Fed. R. Civ. P. 15(b)(2).  Dupont seeks a

declaration that Dupont granted an unenforceable, as contrary to public policy, non-

exclusive license to Xcentric.  D. 129 at 1; D. 129-1 at 17.  In the alternative, Dupont

seeks to amend to obtain a declaration that Dupont owns the copyrights to the Reports.

D. 129 at 1-2; D. 129-1 at 17.

    "The law in this circuit is clear that a district court may not accept an amended

complaint after judgment has entered unless the judgment is set aside or vacated under

Rules 59 or 60."  Feliciano-Hernández v. Pereira-Castillo, 663 F.3d 527, 538 (1st Cir.

2011); see United States ex. Rel. Ge, M.D. v. Takeda Pharm. Co. Ltd., 737 F.3d 116, 127

(1st Cir. 2013).  As already discussed, the Court denies the Plaintiffs' motion for an

indicative ruling to allow their Rule 60(b) motion to proceed.  Finally, even if the Court

were to entertain his motion, Dupont does not provide an adequate reason for the delay in

seeking the amendment given that the Plaintiffs were aware of the facts underlying their

claim when they filed their first two complaints.  Such a delay would prejudice Xcentric.

Feliciano-Hernández, 663 F.3d at 538.  For these reasons, the Court denies Dupont's

motion to amend the first amended complaint.

### E.    Xcentric's Motion for Fees and Costs

Xcentric has moved for an award of costs and attorney's fees pursuant to 17

U.S.C. § 505, which provides in relevant part that, in an action for copyright

infringement, "the court in its discretion may allow the recovery of full costs by or

against any party other than the United States" and that "the court may also award a

reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.

However, as Xcentric has not filed any supporting documentation regarding attorney's

fees and costs incurred, the Court denies the motion without prejudice to refiling with

supporting documentation.

### F.      Xcentric's Motion for Sanctions Against Plaintiff Goren

Xcentric seeks sanctions against Goren pursuant to Fed. R. Civ. P. 11(c)(2) for seeking leave to amend the first amended complaint.  D. 132.  According to Xcentric, the motion was filed "for the improper purpose of harassing and needlessly increasing the cost of litigation."  Id. at 1.  Xcentric further seeks sanctions under 28 U.S.C. § 1927 "for unreasonably and vexatiously multiplying the proceedings in this matter."  Id.  The Court denies the motion.

"Rule 11 prohibits filings made with any improper purpose, the offering of frivolous arguments, and the assertion of factual allegations without evidentiary support or the likely prospect of such support."  Roger Edwards, LLC v. Fiddes & Son Ltd., 437 F.3d 140, 142 (1st Cir. 2006) (internal quotation marks omitted).  Echoing this admonition, 28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

As discussed above, Dupont failed to justify the delay in filing his motion to amend and such a motion was untimely after judgment entered without the indicative ruling now denied by this Court.  The Court, however, acknowledges the Plaintiffs' strategic choices in light of the Court's summary judgment ruling and reasoning to seek a remand of the case and an opportunity to broaden the declaratory relief sought.  In these circumstances the Court cannot conclude that Dupont's motion was frivolous or vexatious such that it warrants sanctions.  The Court, therefore, denies Xcentric's motion for sanctions.

**IV.     Conclusion**

For the foregoing reasons, the Court DENIES the Plaintiffs' motion to amend the notice of appeal, D. 113; DENIES the Plaintiffs' motion for an indicative ruling pursuant to Rule 62.1, D. 118; and DENIES Dupont's motion to amend the first amended complaint, D. 129.  The Court ALLOWS Xcentric's motion to dismiss the counterclaim, D. 121.  The Court DENIES Xcentric's motion for Rule 11 sanctions, D. 132.  Finally, the Court DENIES Xcentric's motion for fees and costs without prejudice.[1]

The Court hereby incorporates the footnote set forth at D. 115 into its Memorandum and Order dated March 27, 2015, D. 100, appending it as note 4 to the concluding sentence of Section V.A on page 11.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge

---

[1] The Court also ALLOWS *nunc pro tunc* the Plaintiffs' motion to file a surreply, D. 128, and Dupont's motion to file a reply, D. 131.