UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMALL JUSTICE LLC, RICHARD A. GOREN, and CHRISTIAN DUPONT dba ARABIANIGHTS-BOSTON MASSACHUSETTS,<br><br>Plaintiffs,<br><br>vs.<br><br>XCENTRIC VENTURES LLC,<br><br>Defendant. | Case No.: 1:13-cv-11701-DJC |

**DEFENDANT'S MOTION FOR AN ORDER REQUIRING PLAINTIFFS TO POST AN APPEAL BOND FOR COSTS**

Pursuant to Fed. R. App. P. 7, Defendant Xcentric Ventures LLC ("Xcentric"), hereby moves this Court to order Plaintiffs to post a bond to ensure payment of costs on appeal in the amount of $30,000, Xcentric's anticipated costs, including attorney's fees, on appeal. An appellate bond is required to ensure payment, and because Xcentric prevailed on Plaintiffs' copyright claims, its reasonably anticipated attorney's fees on appeal may be awarded as part of the appellate bond.

**I.      Relevant Procedural History.**

Plaintiffs Richard A. Goren ("Goren") and Small Justice, LLC ("Small") filed this action on July 16, 2013, raising one count of copyright infringement against Xcentric. Doc. 1. Xcentric moved to dismiss on August 8, 2013. Doc. 8. Goren and Small filed an amended complaint on September 2, 2013, adding both a third Plaintiff, Christian DuPont dba Arabianights-Boston Massachusetts ("DuPont") (collectively, the "Plaintiffs") and four new causes of action against

1

Xcentric, along with the copyright infringement claim: for declaratory judgment as to ownership of the copyrights in two online posts by DuPont; libel; intentional interference with contractual relations; and violations of Mass. Gen. L. c. 93A ("Chapter 93A"). Doc. 13. Xcentric again moved to dismiss on September 16, 2013. Doc. 14. On March 24, 2014, the Court dismissed the libel and tortious interference claims, and two of the three bases for the Chapter 93A claim. Doc. 45. Xcentric answered the complaint on April 7, 2014, raising a counterclaim against DuPont for breach of contract. Doc. 49. Xcentric moved for summary judgment on Plaintiffs' remaining claims on June 13, 2014. Doc. 55. On March 27, 2015, the Court granted Xcentric's motion for summary judgment and rendered judgment in favor of Xcentric. Doc. 100, 104.

On April 10, 2015, Xcentric filed a motion for an award of its costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. § 505, the Copyright Act's fee-shifting provision. Doc. 105. Plaintiffs filed a notice of appeal on April 24, 2015, then moved to amend the notice on May 15, 2015. Doc. 108, 113. On May 22, 2015, the Court notified the parties that it was inclined to add a footnote to the appealed-from Memorandum and Order granting summary judgment. Doc. 115. On June 5, 2015, Plaintiffs moved for an indicative ruling that the Court would allow a motion to vacate the judgment. Doc. 118. Xcentric moved to dismiss its counterclaim on June 19, 2015. Doc. 121. DuPont moved to amend the complaint on July 30, 2015. Doc. 129. On September 10, 2015, Xcentric moved to sanction Goren for filing the DuPont motion to amend the dismissed complaint. Doc. 132.

On September 30, 2015, the Court appended its footnote, Doc. 115, to the Memorandum and Order. Doc. 134 p. 11. At the same time, the Court resolved all pending post-judgment motions, denying Plaintiffs' motions to amend the notice of appeal and for an indicative ruling,

granting Xcentric's motion to dismiss its counterclaim, denying DuPont's motion to amend the complaint, and Xcentric's motion for sanctions. *Id.* pp. 4-10. The Court also denied Xcentric's motion for an award of costs and attorney's fees without prejudice to refiling with supporting documentation. *Id.* p. 9. Xcentric filed a renewed motion with supporting documentation on October 20, 2015.

The United States Court of Appeals for the First Circuit (the "First Circuit") notified the parties on June 3, 2015 that Plaintiffs' appellate brief and appendix were due July 13, 2015. Appellants' Briefing Notice, *Small Justice LLC v. Xcentric Ventures LLC*, No. 15-1506 (1st Cir. June 3, 2015). Citing the pending post-judgment motions, Plaintiffs filed four motions in the First Circuit for extensions of time to file, most recently on October 21, 2015. Appellants' Motion For Extension of Time to File Appellants' Brief, *id.* (June 12, 2015); *id.* (July 23, 2015), *id.* (September 8, 2015), *id.* (October 21, 2015) (requesting "a final extension of time in which to file their brief"). The First Circuit granted all four motions, indicating that the fourth extension will be the last. Order of Court, *id.* (June 17, 2015); *id.* (July 28, 2015), *id.* (September 10, 2015), *id.* (October 21, 2015) ("No further extension of this deadline should be expected.").

**II.     Legal Standard.**

"In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. "[S]uch a bond must be sought from the district court in the first instance." *Schwartzman v. Harlap*, 377 Fed. App'x 108, 109 n. 1 (2d Cir. 2010). "The determination of the nature and amount of the bond is a matter left to the sound discretion of the district court." *Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987).

"The purpose of Rule 7 appears to be to protect the rights of appellees brought into appeals courts by" appellants who pose a payment risk. *Adsani v. Miller*, 139 F.3d 67, 75 (2d Cir. 1998), *cert. denied*, 522 U.S. 875 (1998). The amount of the bond should "track the amount the appellee stands to have reimbursed." *Id.* "Accordingly, the analysis should proceed from the perspective of what costs the appellee can reasonably be expected to incur in defending against the appeal." *Capizzi v. States Resources Corp.*, Civ. A. No. 02-12319-DPW, 2005 U.S. Dist. LEXIS 7338, *4 (D. Mass. Apr. 26, 2005) (citing *Adsani*, 139 F.3d at 75).

When adopted in 1937, Rule 7 provided for a bond of $250, but a 1979 amendment eliminated that pre-set amount: "Today it bears no relationship to actual costs. The amended rule would leave the question of the need for a bond for costs and its amount in the discretion of the court." Fed. R. App. P. 7 (adv. comm. note) (1979).

The First Circuit has "endorse[d] the majority view that a Rule 7 bond may include appellate attorneys' fees if the applicable statute underlying the litigation contains a fee-shifting provision that accounts for such fees in its definition of recoverable costs and the appellee is eligible to recover them." *Int'l Floor Crafts, Inc. v. Dziemit*, 420 Fed. App'x 6, 17 (1st Cir. 2011) (citing among others *Adsani*, 139 F.3d 67); *see also Capizzi*, 2005 U.S. Dist. LEXIS 7338, *3 ("attorney's fees, where provided for, may also be included in fashioning a bond"). An appeal involving a fee-shifting measure need not be "frivolous or brought in bad faith" for fees to be awardable to the appellee. *Muthig v. Brant Point Nantucket, Inc.*, 838 F.2d 600, 608 (1st Cir. 1988) (granting attorney's fees for defending appeal of Rule 11 sanctions); *Dziemit*, 420 Fed. App'x at 17 (affirming Rule 7 bond that included appellate attorney's fees among "costs on appeal" without evaluating district court's finding that appeal was frivolous).

Section 505 of the Copyright Act is one such fee-shifting provision that allows a levy of attorney's fees as part of the costs. "In any civil action under [the Copyright Act], the court in its discretion may allow the recovery of full costs by or against any party .... [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. *See, e.g., Adsani* (affirming order requiring plaintiff to post $35,000 bond to cover the costs, including attorney's fees, of her appeal of the dismissal of her copyright and other claims).

**III.   Argument.**

**A.    An Appellate Bond Is Required to Avoid Nonpayment.**

An appellate bond is required to ensure payment. Redressing the risk of nonpayment is consistent with Rule 7's purpose of protecting the appellee's rights. *Adsani*, 139 F.3d at 75; *Capizzi,* 2005 U.S. Dist. LEXIS 7338, at *3.

Plaintiffs pose a serious risk of nonpayment. Goren, who is both the lead plaintiff and plaintiffs' sole counsel, argued in May that *any* award in favor of Xcentric "would be potentially ruinous" and "financially devastating" to him. Doc. 111 pp. 15, 16. At the time, Plaintiffs faced a motion for attorney's fees and costs incurred through April 10, 2015, then estimated at $70,000. Doc. 105 p. 13. Extensive post-judgment motion practice, largely at Goren's behest, has swelled Xcentric's fees and costs to more than $124,000. Doc. 137 p. 20. Any relief the Court provides on Xcentric's renewed motion for attorney's fees, *id.*, would impair Xcentric's ability to collect its appellate costs and fees, which it anticipates will total $30,000. Doc. 105 p. 13. Goren's indication that he may be unable to pay the judgment is grounds to require a bond before the appeal proceeds. *See El Dia, Inc. v. Puerto Rico Dep't of Consumer Affairs*, 413 F. 3d 110, 115 (1st Cir. 2010) ("the risk of harm from unenforceability" supports a bond requirement).

The other plaintiffs are no more likely to cover Xcentric's costs on appeal. Small is merely Goren's real estate company; he is its sole manager. *See* Ex. A. And DuPont "is *not* a real party to this case; he is appearing only based on Mr. Goren's alleged status as his 'attorney in fact.'" Doc. 24 p. 10; *see generally* Doc. 121 pp. 5-6 (explaining Goren's Superior Court lawsuit against DuPont as a pretext designed to render DuPont Goren's puppet plaintiff in this action). Even if DuPont were a real party, he cannot reasonably be expected to make payments to satisfy any award of costs on appeal or otherwise. In 2011 Goren obtained a judgment of nearly $400,000 against DuPont for a client (in the case that, Goren implies, inspired DuPont's hyperbolic Reports about Goren a few months later) but the lion's share, more than a third of a million dollars, remains uncollected. Doc. 56-1 ¶ 5 ("Execution issued in the amount of $399,795.23 and in or about October 2011 the execution was partially satisfied by $54,813.51 of DuPont's funds ... The balance of the judgment remains unpaid.").

B.  **Xcentric Prevailed on All Plaintiffs' Claims, Including the Copyright Claims, So Its Attorney's Fees on Appeal Are Properly Part of the Appellate Rule 7 Bond.**

Because Xcentric prevailed on all claims, including copyright claims, its reasonably anticipated attorney's fees on appeal may be awarded as part of the appellate bond.

Xcentric defeated all Plaintiffs' claims on the merits, including a copyright infringement claim and a cause of action seeking a declaratory judgment of copyright ownership. Doc. 100. Having obtained judicially sanctioned relief that worked a material and permanent change in the legal relationship between the parties, Xcentric is the prevailing party. *See* Doc. 137 pp. 6-7. "[A] Rule 7 bond may include appellate attorneys' fees if the applicable statute underlying the litigation contains a fee-shifting provision that accounts for such fees in its definition of recoverable costs and the appellee is eligible to recover them." *Dziemit*, 420 Fed. App'x at 17. As

the prevailing party in a copyright case, Xcentric's attorney's fees may be included as part of the costs in an award under 17 U.S.C. § 505, and so Xcentric's appellate attorney's fees can be included in a bond for an appeal from an order dismissing a copyright claim. *See Adsani*, 139 F. 3d 67; *Figure Eight Holdings LLC v. Dr. Jays, Inc.*, 534 Fed App'x 670 (9th Cir. 2013). "The rationale of fee-shifting rules is that the victor should be made whole — should be as well off as if the opponent had respected his legal rights in the first place. This cannot be accomplished if the victor must pay for the appeal out of his own pocket." *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000).

The judgment is "sufficiently final to bear the weight of a fee award." *Hutchinson ex rel. Julian v. Patrick*, 636 F.3d 1, 12 (1st Cir. 2011). This motion is timely in the wake of the September 30, 2015 Order dismissing Plaintiffs' motions to alter the notice of appeal, vacate the judgment, and amend the complaint, and allowing Xcentric to refile its motion for costs and fees. Doc. 134.

**C.     The Bond Should Be Set at $30,000.**

The Court should order Plaintiffs to post a bond on appeal of $30,000 because that figure represents "costs the appellee can reasonably be expected to incur in defending against the appeal." *Capizzi*, 2005 U.S. Dist. LEXIS 7338, *4 (citing *Adsani*, 139 F.3d at 75). Plaintiffs have routinely multiplied the proceedings through arguments and motions "without merit." Doc. 45 p. 16; Doc. 100 p. 12; Doc. 134 p. 4. They show no sign of relenting on appeal, and Xcentric will have to respond. Xcentric reasonably estimates that its costs on appeal, including attorney's fees, will reach $30,000. Doc. 105 p. 13. That amount is consistent with Xcentric's attorneys' billing rates. Xcentric's lead outside counsel Maria Crimi Speth has billed this case at $325 per hour,

and her primary associate assigned to this case, Aaron Haar, is billed at $170 per hour. Doc. 137-1 ¶¶ 4 & 7. Xcentric's local counsel Dan Booth has billed at $280 per hour. Doc. 137-5 ¶ 8. Those rates are both significantly discounted and significantly below the prevailing market rates. *See* Doc. 137 pp. 17-18. Even at those low rates, Xcentric's conservative projection is that those three attorneys will each expend at least 40 hours on the appeal, by itself yielding more than $30,000 in costs. Those are reasonable amounts of both time and attorney's fees in a copyright appeal. *See, e.g.,* Fee Petition of Plaintiff-Appellee, *Klinger v. Conan Doyle Estate, Ltd*, No. 14-1128 (7th Cir. filed July 1, 2014), available at https://freesherlock.files.wordpress.com/2014/07/klinger-motion-for-fees.pdf (petition of appellee who prevailed in a declaratory judgment action for non-infringement, seeking $30,679.93 in costs on appeal, including attorney's fees for 126.45 hours of services provided on appeal), *granted*, 761 F.3d 789 (7th Cir. 2014) (ordering full payment to appellee "for the legal fees that he incurred in his successful defense of the district court's judgment in his favor").

$30,000 is a reasonable amount for an appellant's Rule 7 bond for a copyright appeal. *See Adsani*, 139 F.3d at 75 (approving $35,000 bond for appeal costs in copyright case); *see also Klinger*, 761 F.3d at 792 ($30,679.93); *JCW Invs., Inc. v. Novelty, Inc.*, 509 F.3d 339, 342-43 (7th Cir. 2007) (awarding $70,000 in appellate attorney's fees to prevailing defendant-appellee); *Latin Am. Music Co. v. Am. Soc'y of Composers, Authors & Publishers*, 629 F.3d 262, 263 (1st Cir. 2010) (affirming award of $89,327.52 in appellate attorney's fees to prevailing defendant-appellee).

Xcentric's conservatively anticipated fees and costs are reasonable and a Rule 7 bond should be designed to compensate those fees and costs in full. *See id.*; *Adsani*, 139 F.3d at 75.

WHEREFORE, Defendant Xcentric Ventures LLC respectfully requests entry of an order requiring Plaintiffs to post a $30,000 bond under Fed. R. App. P. 7 to cover its costs on appeal.

|  |  |
|---|---|
| October 23, 2015 | BOOTH SWEET LLP<br><br>/s/ Dan Booth<br>Daniel G. Booth (BBO# 672090)<br>BOOTH SWEET LLP<br>32R Essex Street #1A<br>Cambridge, Massachusetts 02139<br>(617) 250-8602<br>dbooth@boothsweet.com<br><br>JABURG & WILK, P.C.<br><br>Maria Crimi Speth (admitted *pro hac vice*)<br>3200 N. Central Avenue, Suite 2000<br>Phoenix, Arizona 85012<br>(602) 248-1000<br>mcs@jaburgwilk.com<br><br>*Counsel for Defendant Xcentric Ventures LLC* |

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(b)**

I, Dan Booth, hereby certify that on October 23, 2015, I conferred with Plaintiff Richard A. Goren, attorney of record for all Plaintiffs, in an attempt to resolve the issues raised in this motion, but was unable to reach resolution.

/s/ Dan Booth

**CERTIFICATE OF SERVICE IN ACCORDANCE WITH LOCAL RULE 5.2(b)**

I hereby certify that I electronically filed the foregoing motion by using the Court's ECF system on this 23rd day of October, 2015, thereby causing a true copy of said document to be served electronically upon Plaintiff Richard A. Goren personally and in his capacity as counsel of record for Plaintiffs.

/s/ Dan Booth