UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SMALL JUSTICE LLC, RICHARD A. GOREN, and CHRISTIAN DUPONT d/b/a ARABIAN NIGHTS-BOSTON, MASSACHUSETTS, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 13-cv-11701 |
| XCENTRIC VENTURES LLC, | ) ) ) | |
| Defendant. | ) ) ) ) | |

**ADDITIONAL FINDINGS IN SUPPORT OF D. 158**

**CASPER, J.**                                                                                           May 2, 2016

The Court finds as follows:

1. The discretionary factors set forth in <u>Fogerty v. Fantasy</u>, 510 U.S. 517, 534 n. 19 (1994) (agreeing that nonexclusive factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence" should guide the Court's exercise of discretion "so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner)) (citation and internal quotation marks omitted), support the award of costs,

1

including attorneys' fees, to Defendant Xcentric Ventures LLC ("Xcentric") as the prevailing party pursuant to 17 U.S.C. § 505, as previously ordered in D. 158.

2. The Court has considered whether Plaintiffs' claims were objectively unreasonable under <u>Fogerty</u> in regard to the legal and factual support for its claims. Although the Court is not prepared to say that the claims were wholly without merit, or that Plaintiffs' appeal regarding same is frivolous, <u>see</u> D. 159, the legal and factual basis for same, as fully discussed at length in this Court's earlier opinions, <u>see</u> D. 100, 134 (addressing Plaintiffs' claims), is at best questionable. This assessment weighs in favor of awarding attorneys' fees and costs.

3. The <u>Fogerty</u> factors of compensation and deterrence also support an award. The protracted nature of the case, lasting more than two years between the complaint and the resolution of the last claim, supports recovery under <u>Fogerty</u>. D. 1, D. 134. As the defendant, Xcentric litigated without the prospect of an award of damages and the award it now seeks regarding fees and costs would vindicate its defense on the merits.

4. The degree of success Xcentric obtained also supports an award under § 505. Xcentric prevailed on all of Plaintiffs' claims. D. 100, D. 158. Xcentric's sole counterclaim was dismissed not on the merits, but on its own motion. D. 121, D. 134 at 7-8. Considering its complete success on all litigated claims, the award should not be denied or diminished, even though Xcentric did not pursue its counterclaim and raised some arguments that the Court did not adopt.

5. Plaintiffs' claims were all so intertwined that all Xcentric's legal time incurred should be compensable. Xcentric's award should include all of its costs and attorney's fees without apportionment between copyright and non-copyright claims. Plaintiffs' copyright claims were at the heart of this case and its other claims and motion practice arose from those claims. Plaintiffs' non-copyright claims in the amended complaint were grounded on Xcentric publishing, and asserting copyright ownership of, DuPont's reports. D. 13 ¶¶ 72, 78, 85 (each alleging Xcentric published or publicly displayed the Reports "under color of its exclusive ownership of each such work"). Plaintiffs alleged that Xcentric violated Mass. Gen. L. c. 93A by asserting its CDA immunity, and lost its CDA immunity by asserting copyright ownership. Id. ¶¶ 72, 86; D. 45 at 10, 12-13, 15-16. Because each non-copyright cause of action arose out of Plaintiffs' copyright claims or Xcentric's copyright defenses, the claims were so intertwined that they should not be separated for purposes of calculating the award. Plaintiffs have not attempted to meet their burden to show any basis for segregability. See D. 111, 142, 149. Xcentric prevailed in full and should receive an attorney of costs and reasonable attorneys' fees in full.

6. Goren and Small Justice jointly created the same indivisible injury for Xcentric in fees and costs incurred, so the award applies to Goren and Small Justice jointly and severally. Both sought judgment for damages and other relief in the complaint and amended complaint, upon which neither prevailed and both should now be obligated to pay the § 505 award.

7. For the foregoing reasons and those previously stated in D. 158, the Court has allowed Xcentric's renewed motion for attorney's fees, D. 137, to the extent stated in D. 158.

/s/ Denise J. Casper
United States District Judge