UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SMALL JUSTICE LLC, RICHARD A. GOREN, and CHRISTIAN DUPONT dba ARABIANNIGHTS-BOSTON MASSACHUSETTS, | ) ) ) ) ) | Case No.:  1:13-cv-11701-DJC |
| | ) | **DEFENDANT XCENTRIC VENTURES** |
| Plaintiffs, | ) ) | **LLC'S RESPONSE TO PLAINTIFFS' MOTION REQUESTING ENTRY OF ORDER UNDER FED. R. CIV. P. 58(e)** |
| | ) | |
| vs. | ) | |
| | ) | |
| XCENTRIC VENTURES LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Xcentric Ventures LLC ("Xcentric") opposes Plaintiffs' "emergency" motion (Doc. 188), which requests an order tolling their time to appeal orders entered on May 2, 2016 (Doc. 177-180) until the Court rules on Xcentric's motion for a supplemental award of attorney's fees (Doc. 182). The Court should deny Plaintiffs' latest attempt to delay bearing the brunt of their meritless litigation.

## RELEVANT PROCEDURAL HISTORY

Xcentric prevailed on the merits on all Plaintiffs' claims, including two copyright claims. Doc. 45, 100. Plaintiffs noticed a merits appeal on April 24, 2015. Doc. 104. Plaintiffs moved the Court to amend their notice of appeal, to vacate the judgment or enter an indicative ruling that it would vacate if the appeal were remanded, and to amend the dismissed complaint. Doc. 113, 118, 129. The Court denied those motions and granted Xcentric's motion to dismiss its counterclaim, the last pending claim, on September 30, 2015. Doc. 134. Judgment on the merits, not set out in a separate document thereafter, entered on February 29, 2016, by operation of Fed.

R. Civ. P. 58(c)(2) and 6(a)(1)(C). *See* Doc. 182 pp. 6-7. Plaintiffs' April 24, 2015 notice of appeal from the merits is treated as filed on that date pursuant to Fed. R. App. P. 4(a)(2).

Plaintiffs filed motions in the First Circuit requesting extensions of time to file their brief in the merits appeal on June 12, July 23, September 8, and October 21, 2015, citing the motions they had filed in this Court and Xcentric's responsive filings. *See* Doc. 121 p. 8, 154-1 ¶¶ 4-6. They filed their brief in the merits appeal on November 16, 2015. *See* Doc. 162 p. 9. On December 22, 2015, Xcentric filed a motion in the First Circuit to hold the merits appeal in abeyance until the Court ruled on its motions for attorney's fees and an appeal bond. *Id.*

On December 31, 2015, the Court entered orders awarding Xcentric its reasonable attorneys' fees and costs, and requiring Plaintiffs to post an appeal bond. Doc. 158 ("Fees Order") & 159 ("Bond Order"). On January 13, 2016, Xcentric filed a motion for additional findings in support of the Fees Order. Doc. 160. On January 14, 2016, the First Circuit suspended the merits appeal pending resolution of Xcentric's motion. Doc. 162-1. Later on January 14, 2016, Plaintiffs filed a second notice of appeal designating the Fees Order and Bond Order, and a motion to stay the Fees Order and vacate the Bond Order. Doc. 161, 162. Plaintiffs filed a motion to vacate the Fees Order and Bond Order on January 28, 2016. Doc. 169.

In their docketing statement in the second appeal, filed on February 3, 2016, Plaintiffs stated that if the Court did not vacate the Fees Order and Bond Order, "appellants anticipate moving [the First Circuit] to consolidate the two appeals." Ex. A hereto p. 7. On May 2, 2016, the Court granted Xcentric's motion for additional findings and denied Plaintiffs' motions to stay or vacate. Doc. 178, 179, 180. The disposition of those motions on May 2, 2016 made effective Plaintiffs' second notice of appeal from the Fees Order and Bond Order pursuant to Fed. R. App. P. 4(a)(4)

(B)(i). Doc. 188-1; *see also* Doc. 176. Appellants did not move to consolidate the pending appeals.

Xcentric moved for a supplemental award of attorney's fees on May 16, 2016. Doc. 182. On May 19, 2016, Plaintiffs moved the First Circuit to stay their appeal from the Fees Order and Bond Order pending disposition of Xcentric's motion for a supplemental award. Doc. 188 pp. 1-2; Ex. B hereto. On May 24, 2016, Xcentric filed an opposition to Plaintiffs' motion for a stay and moved the First Circuit to expedite briefing on the appeal from the Bond Order. The First Circuit denied Plaintiffs' motion for a stay on May 25, 2016. Doc. 188-1. Later that day, Plaintiffs filed the "emergency" motion in this Court. Doc. 188. On May 31, 2016, they informed Xcentric and the Court's clerk that their motion requests an order delaying the finality of the Court's May 2, 2016 and December 31, 2015 orders, "thereby having only ONE final judgment to enter as to attorney's fees." Ex. C hereto.

## LEGAL STANDARD

Federal Rule of Civil Procedure 58(e) provides in full:

Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

Fed. R. Civ. P. 58(e) ("Cost or Fee Awards").

"If a party timely files in the district court [certain specified motions], the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(A). One of Rule 4(a)(4)'s specified motions that tolls the

appeals clock under that Rule is a motion "for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58." Fed. R. App. P. 4(a)(4)(A)(iii).

"The time to appeal is not extended unless the district court, pursuant to its authority under Fed. R. Civ. P. 58(c)(2), orders that an attorney's fees motion has the effect of delaying the clock for filing the notice of appeal." *Stephanie-Cardona LLC v. Smith's Food & Drug Centers, Inc.*, 476 F.3d 701, 705 (9th Cir. 2007).This "tolling provision operates in the interest of promoting efficiency. In the context of a motion for attorney's fees, the district court may determine that it is 'more efficient to decide fee questions before an appeal is taken so that appeals relating to the fee award can be heard at the same time as appeals relating to the merits of the case.'" *Hudson v. Pittsylvania County*, 774 F.3d 231, 235 (4th Cir. 2014) (quoting Fed. R. Civ. P. 58 adv. comm. note (1993 amend.)).

## ARGUMENT

Plaintiffs continue to seek to frustrate the Court's judgments by tactical delay. *See* Doc. 168 pp. 7-8. They have requested many extensions in this case. *See* Doc. 11 ("emergency motion"), 16, 57, 61 ("emergency motion"), 106, 139, 164, 184. The Court has granted each request. Doc. 12, 17, 58, 62, 107, 140, 167, 185. Plaintiffs have requested more extensions in their appeals, successfully delaying their brief in the merits appeal for most of 2015. *See* Doc. 121 p. 8, 154-1 ¶¶ 4-6. One day after receiving their latest extension, Doc. 185, Plaintiffs requested a Rule 58(e) order to postpone the effects of the Fees Order and the Bond Order, and their pending June 13, 2016 deadline to brief their appeal from those orders.

The Court should deny Plaintiffs' latest attempt to delay facing the consequences of the Fees Order and the Bond Order, which issued as a result of judgment on the merits for Xcentric. An

unresolved issue of supplemental attorney's fees is collateral to such judgments and orders, and does not alter their finality. "A question remaining to be decided after an order ending litigation on the merits does not prevent finality if its resolution will not alter the order or moot or revise decisions embodied in the order." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199 (1988). *See also id.* pp. 202-03; *House of Flavors, Inc. v. TFG-Michigan, L.P.*, 700 F.3d 33, 36 (1st Cir. 2012); *Cruz v. Hauck*, 762 F.2d 1230, 1236-37 (5th Cir. 1985); *Wagner v. Shinseki*, 733 F.3d 1343, 1348-49 (Fed. Cir. 2013) ("a pending request for supplemental fees is 'separate from' a decision on the underlying application"); *Boardwalk Apts., LLC v. State Auto Prop. & Cas. Ins. Co.*,  Case No. 11-2714-JAR, 2015 U.S. Dist. LEXIS 95837, *7-14 (D. Kan. July 22, 2015).

Plaintffs contend that the First Circuit's latest order indicates that, absent a Rule 58(e) order, "there will likely be separate appeals" from the Fees Order and any order on Xcentric's motion for a supplemental award of attorney's fees. Doc. 188 p. 2. That is not true, as Plaintiffs have full control over whether they move to consolidate the appeals. It is also beside the point of Rule 58(e), which aims to promote consolidating merits appeals with fees appeals. "The Rule's purpose is to increase judicial efficiency by enabling an appellate court to consider an appeal related to a fee award and an appeal related to the merits at the same time." *Kira, Inc. v. All Star Maint., Inc.*, 294 Fed. App'x 139, 141 n. 2 (5th Cir. 2008); *accord Hudson*, 774 F.3d at 235.

Plaintiffs are not in fact seeking to consolidate an appeal from the merits with an appeal from a fee award. *See* Ex. C. They chose to file a separate notice of appeal from the Fees Order and Bond Order, not an amended notice of appeal including both the merits and fees orders. Doc. 161. Their February 3, 2016 docketing statement in the latter appeal indicated that they intended to seek consolidation of the pending appeals if this Court did not vacate the Fees Order and Bond

Order. Ex. A p. 7 ("If the district court does not vacate the two Orders, appellants anticipate moving this Court to consolidate the two appeals."). The Court denied their motions to vacate on May 2, 2016. They have had more than four months to move the First Circuit for such consolidation since filing their second notice of appeal on January 14, 2016. Doc. 161. Without explanation, they have not done so.

Instead, the appeals are proceeding piecemeal. Plaintiffs independently briefed the merits appeal and, once the Court denied their motion to vacate, they obligated Xcentric to do the same. *See* Doc. 188 pp. 1-2 ("Xcentric is due to file at the First Circuit its brief on the merits appeal on June 2, 2016"); Ex. A. The First Circuit ordered Plaintiffs to state whether they intended "to file a notice of appeal or amended notice of appeal from the district court's post-judgment order." Doc. 176. On May 19, 2016, they informed the First Circuit "of their intention to file an amended notice of appeal of the district court's post judgment motions in the event the district court allows Xcentric's May 16, 2016 motion for a supplemental award of attorney's fees." Ex. B p. 4. They seek to consolidate only the post-judgment orders, while allowing the appeal from the merits to proceed separately. Ex. C.

Though they argue against the inefficiency of "three separate appeals," Doc. 188 p. 2, Plaintiffs have already sacrificed the efficiency that Rule 58(e) promotes by pursuing duplicative appeals and declining to seek consolidation with the merits. Outside of the purposes of Rule 58(e), the Court should deny the relief sought as unneccessary. *See Pierce v. Visteon Corp.*, 791 F.3d 782, 785 (7th Cir. 2015) (affirming attorney's fees award where district court called Rule 58(e) motion "unnecessary"); *Mt. Mktg. Group, LLC v. Heimerl & Lammers, LLC*, Case No. 14-cv-846 (SRN/BRT), 2016 U.S. Dist. LEXIS 4801, *3 (D. Minn. Jan. 14, 2016) (denying Rule

58(e) motion) ("The Court finds that the circumstances here do not warrant a delay in the time for an appeal pursuant to Rule 58(e). The circumstances that would justify a delay are not present in this case. ... The Court will not deviate from the ordinary running of the time in which an appeal may be taken without a compelling reason to do so."); *Boardwalk Apts., LLC*, 2015 U.S. Dist. LEXIS 95837, *11 ("In the interest of judicial efficiency, the Court explicitly declined to exercise its discretion and find that the renewed supplemental motion [for attorney's fees] should toll the time ... to file an appeal under Rule 58(e).").

Plaintiffs are also confusing, or attempting to confuse, two distinct deadlines. If they wish to appeal from the Court's May 2, 2016 orders, Fed. R. App. P. 4 gives them 30 days. *See* Doc. 188-1. Whether the Court enters a Rule 58(e) order or not, Plaintiffs declare that they will meet that deadline by filing an amended notice of appeal from the Fees Order "as it was finally entered on May 2, 2016." Doc. 188 p. 2; *accord* Ex. C. They will then have an opportunity to request relief from the First Circuit, "either to extend the briefing schedule or to consolidate the two appeals." Doc. 188-1 p. 1. When the Court issues an order on Xcentric's motion for a supplemental award, they will have a new deadline of 30 days thereafter to appeal from it. They could then, again, seek consolidation in the First Circuit. There is no emergency.

Plaintiffs' potential consolidation of an appeal from a potential order of supplemental fees with their pending appeal from the Fees Order and Bond Order is not good cause for delaying the pending appeal, much less "a compelling reason to do so." *Mt. Mktg. Group, LLC*, 2016 U.S. Dist. LEXIS 4801, *3. Xcentric's motion for supplemental fees, however it is resolved, will have no effect on any pending appeal. Xcentric grounded its motion on the same arguments raised in the earlier motion that led to the Fees Order, and requested fees at the same rates the Court

already deemed reasonable. *See* Doc. 137, 158, 182. If the First Circuit should vacate the Fees

Order, Xcentric's motion for supplemental fees would be moot, while affirmance of the Fees

Order would effectively moot any potential appeal from any supplemental award Xcentric may

receive. Since the pending appeal from the Fees Order will necessarily determine the validity of

any further supplemental award, prompt resolution of the appeal should be fostered, eliminating

any further need for appeal. "A request for attorney's fees should not result in a second major

litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Denying Plaintiffs' motion would

promote judicial efficiency. Granting it would move this suit further down its spiral of delay.

The true aim of the "emergency" motion appears to be to justify postponing Plaintiffs' June

13, 2016 deadline for briefing their appeal from the Fees Order and Bond Order. Instead of

promptly responding to Xcentric's motion for a supplemental award, they have asked the Court

for additional time to come up with reasonable grounds to oppose it. Doc. 184. Their arguments

against the Fees Order suggest that they cannot. Plaintiffs' opposition to Xcentric's October 20,

2015 motion for attorney's fees and costs rested almost entirely on an erroneous argument that

the motion was untimely. Doc. 142; *see* Doc. 182 pp. 5-7. This time around, Plaintiffs are

conceding the timeliness of Xcentric's motion for a supplemental award by seeking relief

allowed only "if a timely motion for attorney's fees is filed." Fed. R. Civ. P. 58(e). Plaintiffs'

only other arguments in opposition to the earlier Fees Order -- that Xcentric was not the

prevailing party on the merits, that Plaintiffs' merits appeal is not frivolous, and that some

inadvertent misstatements by Xcentric were an attempted fraud on the Court (*see* Doc. 142 p. 3,

Doc. 143 pp. 5-10) -- are also entirely wrong. *See* Doc. 150 pp. 3-4; *see also id.* p. 12 ("Whether

the appeal will be judged frivolous under Fed. R. App. P. 38 does not affect whether fees and

costs are available to Xcentric as the prevailing party under the Copyright Act."). Plaintiffs have not identified any other grounds for denying an award of supplemental fees incurred in postjudgment litigation. *See* Doc 169 pp. 2-4 (arguing for vacating Fees Order solely on grounds of timeliness, timeliness construed as a jurisdictional issue, and prevailing party status). Consolidation of the Fees Order with any anticipated supplemental fees order would be pointless, with no practical effect beyond tactical delay.

Granting the motion would be prejudicial to Xcentric. Five months after the Bond Order, Plaintiffs have posted no bond, and five months after the Fees Order, Plaintiffs have proffered no supersedeas bond to stay its effect. On May 23, 2016 Xcentric moved the First Circuit to expedite briefing on the appeal from the Bond Order to ensure security for its mounting costs on appeal. The next day, Plaintiffs' motion to stay their second appeal was denied. One day later, May 25, 2016, their "emergency" motion took alternate steps to delay the second appeal by proposing to consolidate it with an anticipated appeal from an unissued order. This further undermines the Bond Order, which should be expedited and prioritized to avoid mooting its intended effect. *See Hill v. State St. Corp.*, 794 F.3d 227, 231 (1st Cir. 2015) ("We also dismiss as moot objectors' appeal from the stayed order that they post a bond as a condition of proceeding further with the merits appeal [after summarily dismissing objectors' appeal on the merits]."); *Aman v. Dillon Cos.*, No. 15-1054, 2016 U.S. App. LEXIS 6886, *20-21 (10th Cir. Apr. 15, 2016) (unpublished) (agreeing that a "district court order requiring that [appellant] post an appeal bond ... is now moot because the appeal has been decided without [appellant] posting the bond, and a decision from this court would have no practical effect"). There is no good reason why the appeals should still be unsecured. An appeal from an order requiring an appeal bond should be

heard before an appeal from the merits in the same case. *See Skolnick v. Harlow*, 820 F.2d 13,

14 (1st Cir. 1987) (disposing with appeal from postjudgment order under Fed. R. App. P. 7, while

appellate proceedings on earlier appeal from summary judgment order for defendants were

stayed); *id.*, 836 F.2d 1340 (1st Cir. 1987) (unpublished) (affirming judgment in merits appeal),

*cert. denied*, 487 U.S. 1206 (1988). Plaintiffs' duplicative appeals have upended that proper

sequence, and the Rule 58(e) order they seek would exacerbate the prejudicial delay.

   The motion is not a road to efficiency but another roadblock. It should be denied.


                                        Respectfully submitted,

                                        BOOTH SWEET LLP

May 31, 2016                            By:    /s/ Dan Booth
                                        Daniel G. Booth (BBO# 672090)
                                        32R Essex Street, Suite 1
                                        Cambridge, Massachusetts 02139
                                        (617) 250-8602
                                        dbooth@boothsweet.com

                                        JABURG & WILK, P.C.

                                        Maria Crimi Speth (admitted *pro hac vice*)
                                        3200 N. Central Avenue, Suite 2000
                                        Phoenix, Arizona 85012
                                        (602) 248-1000
                                        mcs@jaburgwilk.com

                                        *Counsel for Defendant Xcentric Ventures LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing response by using the Court's ECF system on this 31st day of May, 2016, thereby causing true copies of said documents to be served electronically upon Plaintiffs' attorney of record.

/s/  Dan Booth